[No. 1265.  Decided July 18, 1894.]

JOHN LOVELL *et ux.*, *Appellants*, v. THE HOUSE OF THE GOOD SHEPHERD, *Respondent*.

PARENT AND CHILD — RIGHT TO CUSTODY AS AGAINST CHARITABLE
CORPORATION — ESTOPPEL.

If a person or corporation has no legal right to the custody of a minor child, it cannot uphold its custody as against the parents, on the ground that they are not proper and competent persons to have the care and custody of the child.

The mere fact that the mother of a minor child is a coarse, vulgar, passionate and pugnacious woman, and that the father is addicted to the excessive use of intoxicants, is not a sufficient ground for depriving them of the society and comfort of the child.

Although a mother may have placed her minor child in the hands of a corporation charged with the care and education of orphans and deserted children, under a promise that the child should remain there until she was eighteen years of age, such act will not estop the mother from afterwards claiming the control and custody of the child before the expiration of such period.

*Appeal from Superior Court, King County.*

*Hays & Humphrey,* for appellant.

*John Fairfield* and *Daniel T. Cross,* for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—This case is brought to this court, on appeal from an order of the superior court of King county, to reverse and set aside the order of the judge of that court, sitting in equity, dismissing a writ of habeas corpus heretofore brought, and remanding the child, Maggie McGee, otherwise called Maggie Lovell, to the care of the respondent, House of the Good Shepherd, until the further order of the judge of the superior court of King county. About three years before the bringing of this action said Maggie Lovell was left by her then widowed mother with the respondent on an indefinite oral agreement. Soon after the mother demanded the child, but the respondent refused to give her up and has ever since held her. On the 17th day of May, 1893, the appellants, Maggie Lovell's mother and stepfather, duly adopted the said Maggie by order of the superior court of Pierce county, Washington. After the adoption of said child and before the bringing of this action, her custody was demanded by the appellants but respondent refused to give her into their possession.

Respondent is a corporation established, among other things, to care for and educate orphans and deserted children. The institution is incorporated under the laws of the State of Washington, and is conducted by the Sisters of the Roman Catholic faith who devote their lives to this work.

It is alleged by the appellant that the court erred in permitting any evidence tending to show that appellant John Lovell was not a fit and proper person to have the care and custody of the child, because such evidence, if proper,

should have been pleaded, and there was nothing in the pleadings to put the competency of the said Lovell in issue. Respondent insisted that in proceedings of this character courts are not restricted to the same stringent rules of evidence which govern them in trials by jury; that the exact truth should be sought out by all practicable means, and mere technicalities should be discountenanced and set aside. This is true in any case, and technicalities under our code which tend to prevent the meritorious adjudication of the case are not favored. But the object of rules of pleading is to elicit the exact truth, and it seems to us that no litigant can safely go to trial without knowing substantially the issues that are involved; and if he is not informed by the pleadings it becomes something more than a mere technical omission which should be disregarded; but the court, by compelling him to submit his cause on such pleadings and without such information being furnished him, deprives him of a substantial right. Whether, however, we would reverse this case on this ground alone we will not now decide, for it seems to us that on the merits of the case there was no showing made by the respondent, or any attempt to show any legal right which *it* had to the custody of the minor child; and if it had no legal right to the custody of the child, it matters not whether the parents were competent custodians or not, so far as the respondent is concerned. Church, Habeas Corpus (1st ed.), § 454, p. 591; *Bustamento v. Analla,* 1 N. M. 255. Under such circumstances the possession should be taken from it; and if upon a proper petition the appellants are found by the court to be incompetent, a proper guardian should be appointed to take control of the custody and education of the minor. This the law provides for, but it nowhere provides—nor would such a provision be practical—for the appointing of a corporation as the guardian of a minor child. This being true,

there is no foundation for the claim of the respondent, and the writ should have been enforced.

We have carefully examined the testimony in this case, and are not satisfied that such a showing is made out against the parents as ought to deprive them of the custody of their child.   While it is true that the welfare of the child should be the first consideration of the court, yet the right of the parent is not to be disregarded, and it is assuming a grave responsibility to deprive parents of the care, control, custody and education of their children because they do not come up to the standard of perfection that we have established for our own action in that respect. There is, perhaps, scarcely a day but that children may be seen who, in the ordinary estimation, are neglected, and of whom the popular verdict would declare, that they would be better off and stand a better chance of becoming useful members of society if they were removed from the pernicious influence of their parents.   Yet it would not do for that reason to interfere with the domestic relations, or to set up our particular standard for the guidance of families in general.   There is such a diversity of religious and social opinion and of social standing and of intellectual development and of moral responsibility in society at large, that courts must exercise great charity and forbearance for the opinions, methods and practices of all different classes of society; and a case should be made out which is sufficiently extravagant and singular and wrong to meet the condemnation of all decent and law-abiding people without regard to religious belief or social standing before a parent should be deprived of the comfort or custody of a child. It is doubtful in our minds if such a case is made out here. It is true that the appellant Mrs. Lovell has not been the most exemplary mother; that the care of her children has not been of that kind which would commend itself to many mothers; that she is a passionate woman with an un-

controllable temper, coarse, vulgar and pugnacious, is evident from the record; but if every coarse, vulgar and passionate woman were deprived of the custody of her children our orphan asylums would be filled to overflowing; and if every man who is given to brutalizing himself by the excessive use of intoxicants, and by other debasing habits, were to be deprived of the custody of his children, the said institutions would be found altogether inadequate.

Even immorality of the mother is not always a sufficient reason for depriving her of the custody of her child.    It is the universal holding of the courts, and in many states is made a provision of the statute, that the mother of an illegitimate child, in the absence of special reasons, is entitled to its custody, and of course the fact of its illegitimacy is proof of the mother's immorality.    The maternal instinct can generally be relied upon to protect the child far better than strangers who act simply from a cold and unsympathetic feeling of duty to society.    Of course, when it becomes apparent that nature's appeal to the parental heart meets with no response, and a parent has become so brutalized and lost to the promptings of nature that she is willing to sacrifice either the physical or moral well-being of her children to the gratification of her own debased propensities or vicious habits, it becomes the imperative duty of the court to reach forth its hand for the protection of the children.    But as we have before said, we do not think the result in this case shows a necessity for judicial interference; and even though it may appear that three years ago the mother was not a competent person to maintain control of this child, the difficulties then alleged to exist have now passed away.    Hence the necessity of separating the mother and child has ceased to exist.

It is also claimed by respondent that when the mother placed the child in this institution, she promised that she should remain there until she was eighteen years old, and

that for that reason she is now estopped from demanding her custody. There are some cases which hold that where a child of tender years is given by a parent to another person, the parent cannot afterwards assert his right to the control and custody of the child. But this rule is founded on the tender and humane idea that by reason of the long and intimate intercourse between the child and the foster parent a reciprocal affection has sprung up which ought to be respected and which it would be cruel and heartless to interfere with by a forced separation. But no such principle can apply here. The respondent in this case is a corporation; it is controlled and its business is done by officers who are constantly changing — at least, who may be con stantly changing. It is a universally accepted proposition that a corporation has no soul. It is not disturbed in any of its operations by sentiment and cannot, therefore, be allowed to plead a sentimental wrong.

Under all the circumstances of the case we think that the writ should have been sustained. The judgment will, therefore, be reversed, and the cause remanded with instructions to award the custody of the said Maggie Lovell to the appellants.

STILES and ANDERS, JJ., concur.

HOYT and SCOTT, JJ., concur in the result.