[No. 1983. Decided March 9, 1896.]

John Lovell *et ux., Appellants,* v. The House of the Good Shepherd, *Respondent.*

HABEAS CORPUS—CUSTODY OF CHILD—DAMAGES—RECOVERY OF EXPENSE OF ACTION.

The assumption of custody of a minor child, under order of the superior court in a *habeas corpus* proceeding, will not constitute false imprisonment, although the appellate court on a review of the *habeas corpus* proceedings may reverse the judgment of the superior court as erroneous.

A party who successfully brings an action for the custody of a child in *habeas corpus* proceedings, cannot subsequently bring another action to recover the expenses incident to the first case.

Appeal from Superior Court, King County.—Hon. T. J. Humes, Judge. Affirmed.

*Edward Von Tobel,* and *William E. Humphrey,* for appellant.

*C. W. Turner,* and *Donworth & Howe,* for respondent.

The opinion of the court was delivered by

Dunbar, J.—This suit was brought by the plaintiffs (appellants here) to recover damages for the alleged unlawful detention of their infant child. The complaint alleges demand on the defendant for the pos-

session and custody of the child and the refusal by
the defendant to give the child into their possession
and control, and alleges that for a period of about a
year after such demand, the defendant against the
will of the plaintiffs wrongfully kept said child, and
for such time wrongfully and illegally deprived plain-
tiffs of her possession and control.  The pleadings
allege and the evidence shows that, upon the demand
for the possession of the child being refused, the
plaintiffs filed in the superior court of King county
their petition, asking for a writ of *habeas corpus* and
that they be given possession of the child; that on the
hearing of said writ the same was dismissed and a de-
cree of the superior court entered giving the defend-
ant control of said child.  From such judgment of
dismissal and disposition of the child plaintiffs
appealed to this court, and the judgment of the supe-
rior court was reversed and possession of said child
given to the plaintiffs, and this action is in reality
brought for damages for the detention of the child
during this time, viz., the time between the demand
for possession and the bringing of the action in the
superior court and the reversal of the judgment on
appeal in this court; for the answer shows, and it is
undisputed, that immediately upon the judgment of
reversal being rendered by this court and before the
remittitur was sent to the lower court, the custody and
possession of the said minor child was delivered to
the plaintiffs (appellants herein).  The judgment of
the superior court in the former case was pleaded in
the answer in this case.  To the answer the plaintiffs
filed a demurrer to the effect that it did not state facts
sufficient to constitute a cause of action, which de-
murrer was overruled, the case went to trial, and a
judgment was rendered for the defendant.  It was

contended in the first suit, and evidence was admitted in the last suit to the effect, that the mother of the child had taken her to the officers of the respondent, The House of the Good Shepherd, and had entered into a contract with said officers, the terms and conditions of which were that they were to have the absolute control and possession of the said minor child until she was eighteen years of age. This was denied by the appellant, Kate Lovell, the mother of the child.

In the trial of the case at bar the court instructed the jury that if they found such an agreement had been entered into, the plaintiff could not recover. This instruction is alleged as error by the appellants in this case for the reason that this court held in the case of *Lovell v. House of the Good Shepherd*, 9 Wash. 419 (37 Pac. 660) that the mother, notwithstanding this contract, would have a right to demand and receive the possession of her child, and it is contended that the law as there announced is the law of this case. But assuming, without deciding, that the same rule of law would apply to the action for damages for the detention of the child under a contract of the kind above referred to, the record in this case shows that the possession complained of by the appellants was possession taken by the respondent under the order of the superior court of King county, and the assumption of the control of the child under such circumstances cannot be construed to be false imprisonment, for which the appellants would be entitled to damages. The action of the court in case of *habeas corpus* where the custody of the child is the subject in issue is peculiar. It is not the right of the parties who are contending for the control and custody of the child that is so much in issue as it is the interest of the infant, and "In deciding upon the question

of the infant's custody," says Mr. Wood on Habeas Corpus, p. 137, "the courts are governed by what appears to be for the *interest of the infant,* and not the superior rights or claims thereto of the respective parents", and the proper control or custody of the infant is a matter which rests very largely in the discretion of the court.

"The court is bound, on *habeas corpus* to set the infant free from an improper restraint, but the proper disposition of the child rests in the court's discretion;" 9 Am. & Eng. Enc. Law, 241.

The superior court exercised that discretion when it awarded the custody to the respondent in this case, and the court having jurisdiction of the subject matter and of the infant, its action was not void, although this court held it to be erroneous. But we think it would be an unjust rule to announce that parties who assumed control or custody of a minor child, under the order of the superior court acting within its jurisdiction, should be subject to damages for assuming such control and custody, notwithstanding the appellate court, on a review of the law governing the case, decided that the action of the lower court was erroneous. This detention by the respondent, being under the order of the court, was not an unlawful detention until it was so pronounced by this court, and the unlawfulness of the detention must be made to appear before the appellants can recover. It seem to us, therefore, that it was immaterial what the instructions of the lower court were, for under the pleadings the appellants could not have recovered. It will not do to sustain a practice which will allow a party who successfully brings an action for the recovery of a legal right to bring a subsequent action to recover the expenses incident to the first case. The appellants obtained

the costs of the *habeas corpus* case by the judgment rendered in the case itself, and obtained the statutory attorney's fee, and there being no statutory provision for the recovery of any other attorney's fee in that case, it cannot be recovered in a separate action of this kind. We think the judgment of the superior court awarding the custody of the child to the respondent can safely be relied upon as an authority for such detention until such judgment and order were reversed by this court.

The judgment will therefore be affirmed.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ., concur.