[No. 4845. Decided February 7, 1905.]

PATRICK J. CAREY, *Respondent,* v. GUSTAVE HERTEL
*et al., Appellants.*[1]

PARENT AND CHILD—CUSTODY OF INFANT—AGREEMENT TO KEEP
FOR SPECIFIED TIME—DISCRETION OF TRIAL COURT. A father, who
is a suitable and capable person, is entitled to the custody of his
daughter three years of age, notwithstanding an agreement to
leave her with grandparents until she was six years of age, where
it appears that he was to pay the grandparents for their services,
and that the findings of the court as to his suitability are sus-
tained by the evidence; since the welfare of the child is the para-
mount consideration, and the trial judge, who observes the wit-
nesses, must exercise his discretion in that behalf.

[1]Reported in 79 Pac. 482.

Appeal from a judgment of the superior court for Lincoln county, Neal, J., entered May 7, 1903, upon findings in favor of the plaintiff, after a hearing on the merits, in a habeas corpus proceeding.　Affirmed.

*Meyers & Warren,* for appellants, cited: *Bonnett ex rel. Newmeyer v. Bonnett,* 61 Iowa 199, 16 N. W. 91; *Clark* v. *Bayer,* 32 Ohio St. 299, 30 Am. Rep. 593; *State v. Smith,* 6 Greenl. (Me.) 462, 20 Am. Dec. 324; *In re Mc'Dowle,* 8 Johns. 328, *State v. Barrett,* 45 N. H. 15; *Chapsky* v. *Wood,* 26 Kan. 650, 40 Am. Rep. 321; *In re Goodenough,* 19 Wis. 291; *State ex rel Anderson* v. *Anderson,* 89 Minn. 198, 94 N. W. 681; *State ex rel. Flint* v. *Flint,* 63 Minn. 187, 65 N. W. 272; *Arne v. Holland,* 85 Minn. 401, 89 N. W. 3.

*John E. Ryan* (*H. N. Martin* and *James T. Lawler,* of counsel), for respondent, cited: *Johnson* v. *Terry,* 34 Conn. 259; *Henson* v. *Walts,* 40 Ind. 170; *State* v. *Richardson,* 40 N. H. 272; *People* v. *Humphreys,* 24 Barb. 521; *McGlennan* v. *Margowski,* 90 Ind. 150; *Commonwealth* v. *Snyder,* 11 Lanc. Bar. (Pa.) 62; *In the matter of Kottman,* 2 Hill 363, 27 Am. Dec. 390; *Rust v. Vanvacter,* 9 W. Va. 600.

HADLEY, J.—This is a habeas corpus proceeding, instituted by respondent to procure the possession of his child, a little girl three years of age.　The mother of the child died when the latter was about three months old.　Respondent then left her with appellants, the parents of the child's mother, under an agreement to pay them for her care.　She remained continuously with her grandparents until the bringing of this action.　Appellants claim that respondent left the child with them under an agreement that they could keep her until she was six years of age.

After a hearing, the court entered judgment that the father is entitled to the custody of the little girl, and ordered that she should be delivered into his possession.    This appeal is from the judgment.

The court found that respondent "is a sober, industrious, and moral man, capable of taking charge and control of his daughter, and that he desires to have the control and bringing up of his daughter, and is fully able to care for her in every way."    The finding is fully supported by the evidence.    The grandparents resist the father's claim for possession because of a verbal agreement that they could keep the child until she was six years old.    The facts were similar in the case of *Lovell* v. *House of the Good Shepherd,* 9 Wash. 419, 37 Pac. 660, 43 Am. St. 839.    The mother of the child had agreed with the respondent, in that case, that the child should remain in the institution until she was eighteen years of age; but this court held that the parent was, nevertheless, entitled to the custody of her daughter and the comfort of her society.

It is argued by appellants here that the House of the Good Shepherd was a corporation, and that no element of affection existed, as in this case.    The lack of the element of affection was commented upon in that case, and it was stated that some cases hold that the parent cannot assert his right to the child after he has given it into the care of another, such holdings being founded upon the humane idea that, by reason of the long and intimate intercourse between the child and the foster parent, and of mutual affection arising therefrom, it would be heartless to force a separation.    In the case at bar, the child was but three years of age when the father sought her possession by this proceeding.    Her age is such that the deeply grounded affection which arises from long time association, extending into more mature years, is necessarily wanting.

Her father's affection for her prompts him to desire her care and custody.    He is not only primarily entitled to her care, but he is a suitable person to be charged therewith, is amply able to provide well for her comfort and education, and is entitled to the comfort of her society, and to her increased affection for him, which in ordinary experience must follow.    The future welfare of the child is the paramount consideration, and, with that fact in view, under such circumstances as appear in this case, the trial court, who sees and observes the contending parties, must be permitted to exercise some discretion in an endeavor to serve the best interests of the child.

Under the evidence in this case, we think, there was no abuse of discretion in ordering the child delivered to the father.    The judgment is affirmed.

MOUNT, C. J., FULLERTON, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.