[No. 8625. Department One. June 1, 1910.]

THE STATE OF WASHINGTON, *on the Relation of Harry H. Collier, Plaintiff*, v. EMMA H. A. BELL, *Appellant*.[1]

PARENT AND CHILD—CUSTODY OF CHILD—RIGHT OF PARENT—EVIDENCE—SUFFICIENCY. The paramount right of the parent to the custody of his child being subject only to the welfare of the child, a father cannot be deprived of the custody of a son, ten years of age, where it appears that he is a fit person, earning $100 to $150 a month for the support of a family of six children, who were properly clothed, regularly attending school, and required to assist in ordinary work about the house; and the fact that their stepmother is strict in disciplining the children does not warrant awarding the custody to another.

Appeal from a judgment of the superior court for Pierce county, Shackleford, J., entered September 7, 1909, upon findings in favor of the petitioner, in habeas corpus proceedings by a father to obtain possession of his minor son, after a hearing on the merits. Affirmed.

[1]Reported in 109 Pac. 51.

*F. Campbell,* for appellant.

*Hayden & Langhorne,* for relator.

Gose, J.—This is a habeas corpus proceeding, prosecuted by the petitioner to procure the possession of his son, a child ten years of age. The trial court, after a hearing upon the merits, found that the petitioner, the father, was a fit and proper person to have the care and custody of the child, and entered a judgment directing the appellant to deliver the child to him. From this judgment, the appellant prosecutes this appeal.

The material facts presented by the record are, that the petitioner's first wife, a daughter of the appellant, died in childbirth in 1900, leaving four children, the youngest an infant boy over whose custody this suit is waged; that the appellant, the child's grandmother, lived in the respondent's home and cared for the children for a period of four years, and until the respondent remarried in July, 1904; that she then left his home and took the boy with her, keeping him until December 26, following, when he was returned to the respondent, who kept him until June 1908. On that date the appellant was allowed to take him, and having refused the demand of respondent to return him, this action was commenced.

The appellant first contends that the respondent in 1900, upon the death of his wife, gave the boy to her. The trial court, however, refused to find that fact, although the appellant made a written request therefor. The evidence upon this question is conflicting, and we do not find it necessary to determine where the truth lies. This court has uniformly held in such cases that the paramount right to the custody of the child is in the parent, and that such right will be denied only where the good of the child demands it. As was said by this court in *In re Neff,* 20 Wash. 652, 56 Pac. 383: "The parents are the natural guardians and entitled to the care, control

and society of their children." Treating this question in
*Carey v. Hertel*, 37 Wash. 27, 79 Pac. 482, it is said: "He
[the father] is not only primarily entitled to her care, but he
is a suitable person to be charged therewith, . . . and is en-
titled to the comfort of her society." The same view is an-
nounced in *Lovell v. House of the Good Shepherd*, 9 Wash.
419, 37 Pac. 660, 43 Am. St. 839, and *Id.*, 14 Wash. 211,
44 Pac. 253.

The paramount right of the parent must, however, in all
cases be held subordinate to the welfare of the child. The
appellant's claim that the stepmother is cruel to the child is
not supported by the evidence. The fact that the daughter,
thirteen years of age, is required to split and carry in wood,
feed the chickens, and assist in milking the cow does not show
cruelty. Nor does it prove either that the father is wanting
in paternal affection, or that he is not a fit or proper person
to have the guardianship of the boy. Two children have been
born as issue of the second marriage. The family, consist-
ing of six children, the father, and the mother, is supported
by the earnings of the father, varying from $100 to $150
per month. The evidence shows that the children are taught
the virtues of industry and obedience; that they are properly
clothed, and that they have regularly attended school. The
testimony of the father relative to the daughter cutting and
splitting wood is that she assists him in that work; that he
thinks splitting wood is a better occupation for the girl
"than running around the streets." With this view we quite
agree. The fact that the father required the children to
assist in the ordinary work in and about the home, and the
fact that the stepmother is strict in disciplining the children,
do not afford sufficient reasons for awarding the custody of
the boy to the grandmother. On the contrary, if it ap-
peared that the father would not teach the boy the habits of
industry and obedience, he would not be a proper person to
have his care and custody.

We think we have sufficiently reviewed the evidence. The judgment is affirmed.

RUDKIN, C. J., FULLERTON, CHADWICK, and MORRIS, JJ., concur.