[No. 11409.   Department One.   January 8, 1914.]

ELIZABETH MINNIE VIERECK, *Appellant*, v. C. J. SULLIVAN *et al.*, *Respondents*.[1]

PARENT AND CHILD—CUSTODY—WELFARE OF CHILDREN. Where a divorced parent seeks to recover custody of children from persons holding under adoption proceedings, the dominant question is the moral, intellectual and material welfare of the children, and the wishes of the parent are subordinated thereto.

Appeal from a judgment of the superior court for King county, Frater, J., entered May 21, 1913, in favor of the defendants, quashing a writ of habeas corpus, after a hearing on the merits. Affirmed.

*James R. Chambers*, for appellant.

*James Kiefer* and *Hastings & Stedman*, for respondents.

PER CURIAM.—On the 23d day of June, 1906, one Joseph W. Spangler, by an instrument in writing, relinquished his right and claim to the custody and services of his two minor daughters, then of the ages of six years and five years respectively, to the Washington Children's Home Society, a domestic corporation, and authorized it to secure their legal adoption. A short time thereafter, upon petition and with the consent of the society, orders were entered in the superior

[1] Reported in 137 Pac. 456.

court of King county, whereby the respondents Sullivan adopted one of said children and the respondents Nichols adopted the other. In January, 1908, in a decree of divorce entered in the superior court of Whatcom county upon personal service, wherein Joseph W. Spangler was the plaintiff and the appellant was the defendant, the court approved and confirmed the relinquishment of the children theretofore made by the father. The respondents respectively have had the exclusive custody and control of the children since the summer of 1906. In April, 1913, the plaintiff, the natural mother of the children, sued out a writ of habeas corpus for the purpose of having the custody of the two girls, then of the ages of thirteen and twelve years respectively, restored to her. After a full hearing, the court, among other things, determined that the welfare of the children required that they be left with their foster parents, and quashed the writ. The plaintiff has appealed.

The appellant assails, (1) the validity of the adoption proceedings; (2) that part of the decree in the divorce case confirming the surrender made by the father; and (3) the several findings of the court. As we view the case, the first two questions need not be considered.

The appellant and Joseph W. Spangler, the mother and father of the children, separated in April, 1906. In January, 1908, they were divorced at his suit. In June, 1906, he, by an instrument in writing, surrendered the children to the Children's Home Society. Shortly thereafter, they were placed, and have since remained, in the custody of the respondents, in obedience to the adoption proceedings. So far as the record discloses, the appellant has not seen the children since June, 1906.

In this, as in all other cases of the kind, the dominant question is the moral, intellectual, and material welfare of the children. The wishes of the parent are subordinated to these considerations which, by all the courts, are deemed paramount. *State ex rel. Collier v. Bell*, 58 Wash. 575, 109 Pac.

51; *In re Fields*, 56 Wash. 259, 105 Pac. 466; *Pierce v. Pierce*, 52 Wash. 679, 101 Pac. 358.

The character of the evidence is such that a discussion of it would serve no useful purpose. It suffices to say that, after reading it carefully, we are convinced that the judgment entered is promotive of the welfare of the children. The judgment is therefore affirmed.