[No. 11735.   Department Two.   March 25, 1914.]

*In the Matter of the Adoption of* EVELYN BEERS.

FRED E. BEERS, *Respondent,* v. GERTRUDE J. MERRILL, *Appellant.*[1]

ADOPTION—PROCEEDINGS—NOTICE TO PARENT—CUSTODY OF CHILD. A divorced father is not entitled to notice of proceedings for the adoption of a child whose custody was awarded to the mother, in view of Rem. & Bal. Code, § 1696, authorizing the adoption of infant children upon consent or notice to both parents, provided that, if they are living separate and apart, consent may be given by the parent having the care, custody and control of such child.

SAME—NOTICE TO PARENT—STATUTES—CONSTITUTIONALITY. Rem. & Bal. Code, § 1696, providing for the adoption of a child on the consent of the parent awarded its care and custody in divorce proceedings, is not unconstitutional in that no notice need be given to the defaulting parent; since he had his day in court in the divorce case, and his right to the custody of his child is not absolute, but yields to the welfare of the child.

[1]Reported in 139 Pac. 629.

SAME — ORDER OF ADOPTION — FRAUD — EVIDENCE — SUFFICIENCY. Fraud in the adoption of a child, through the consent of the divorced mother, to whom its care and custody had been awarded, is not shown by the fact that the mother was married and left the state the next day, and that the father was about to file application for modification of the decree as to the custody of the child, where knowledge of any such intent on his part was denied.

SAME—ORDER OF ADOPTION—VACATION—FRAUD—ISSUES AND PROOF. In an application to set aside adoption proceedings for fraud and want of notice to the father, the court may properly refuse to hear evidence relating to the want of fitness of the adopting parent, since the same could be heard in another proceeding to determine what was best for the child.

Appeal from an order of the superior court for King county, Frater, J., entered October 24, 1913, vacating an order of adoption, upon petition of the father, after a hearing before the court. Reversed.

*Peterson & Macbride*, for appellant.

*Gay & Kelleran*, for respondent.

MOUNT, J.—This appeal is from an order of the lower court vacating an order of adoption of an infant child. The adopting parent has appealed.

The facts are as follows: Evelyn Beers is a minor, now about six years old. She has been cared for practically her whole life by Mrs. Merrill, the adopting parent. Evelyn Beers is the child of its natural parents, Fred E. Beers, the respondent, and Irene Beers, now Mrs. Fralliciardi.

On April 1, 1909, Fred E. Beers and Irene Beers were divorced by a decree of the superior court for King county. By that decree, the custody of the minor children was awarded to Irene Beers, the mother. The decree also provided for alimony in the sum of $15 per month for the support of the children. Fred E. Beers, after the decree of divorce, paid but two or three of the monthly allowances provided for in the decree; and thereafter refused or neglected to support the children. He thereupon left the state and was gone for

19—78 WASH.

a period of nearly three years, during which time Mrs. Beers made her home with Mrs. Merrill and her husband.

On September 29, 1912, Mr. Beers returned to Seattle, in this state. On October 10, 1912, the appellant, Gertrude J. Merrill, and her husband petitioned the lower court to adopt the infant, Evelyn Beers. The mother, Irene Beers, consented to the adoption. No notice was given to the father. Thereupon the lower court entered an order authorizing Mr. and Mrs. Merrill to adopt the child. Its name was changed to Evelyn Walker Merrill. On the next day after the adoption, Mrs. Beers was remarried to Mr. Fralliciardi.

Thereafter, on the 16th day of October, 1912, the respondent filed a petition in the superior court to modify the divorce decree relative to the payment of alimony and the custody of the children. Neither Mrs. Merrill nor her husband was cited to appear, nor did they appear in answer to that petition. The attorney who had represented Mrs. Beers in the divorce action appeared and interposed a demurrer to the petition. This demurrer was overruled. Counsel elected to stand upon the demurrer, and an order was entered modifying the decree of divorce, and awarding the custody of the children to Fred E. Beers. The decree was also modified with reference to the payment of alimony. An appeal was taken from that judgment to this court, where the order was affirmed, except as to the payment of the alimony then due. *Beers v. Beers*, 74 Wash. 458, 133 Pac. 605.

On January 6, 1913, the date upon which the modified decree was entered, Fred E. Beers filed a petition to annul the order of adoption. This petition alleged, in substance, first that the decree of adoption was void as to him because he had no notice thereof; second, that the decree was procured through fraud and imposition practiced upon the court; and third, that the adopting parents were unfit to have the custody of the child.

The cause came on for trial upon this petition. It was admitted that Fred E. Beers had no notice of the proceedings

for the adoption of the child. The trial court was of the opinion that the adoption was, therefore, void as to the respondent Fred E. Beers; that constructive fraud had been practiced upon him by reason of the fact that he was within the jurisdiction of the court and no notice was served upon him of the proceeding to adopt the child; and, for that reason, set aside the order of adoption and awarded the custody of the child to its father, Fred E. Beers. The court, upon the trial of the last petition, declined to consider evidence as to the fitness of the adopting parents, for the reason, as stated, that that question could be presented at any time if the petitioner was not entitled to notice of the adoption proceeding. The court was of the opinion, and so held, that the natural father was entitled to notice of the adoption proceeding; that he could not be deprived of his right to notice; and that the order of adoption was therefore void as to him. The cause was decided solely upon this question.

The statute with reference to the adoption of infant children provides, Rem. & Bal. Code, § 1696 (P. C. 409 § 805), that any inhabitant of this state may petition the superior court for leave to adopt any child, but written consent must be given to such adoption by each of his or her living parents who is not hopelessly insane or a confirmed drunkard. If there be no such parents, or if the parents be unknown, or shall have abandoned such child, or if such parents, or either of them are hopelessly insane, or a confirmed drunkard, then by the legal guardian: "Provided, however, that if the parents are living separate and apart, the consent of both is not required, but such consent may be given by the parent having the care, custody and control of such child."

The respondent contends that it was not the intent of the legislature by this statute to cut off the right of a parent, without notice; or, if that is the intent, then that the statute is unconstitutional. *State ex rel. LeBrook v. Wheeler,* 43 Wash. 183, 86 Pac. 394, and *Beatty v. Davenport,* 45

Wash. 555, 88 Pac. 1109, 122 Am. St. 937, are relied upon to sustain this position. We said in the *Wheeler* case that:

"If the legislature of this state by said section intended to deprive the father of all right or dominion over his child without an opportunity to be heard, then the statute could not be sustained. No father can be deprived of his child without an adjudication by a court of competent jurisdiction that he has abandoned or deserted it, or is unfit to have its custody and control."

And in the *Davenport* case, we said:

"The decree of adoption was binding only upon the parties before the court and their privies. It was not binding upon respondent, because she was neither a party nor a privy to it. The court, therefore, had no jurisdiction to determine her rights. The rule is that a judgment can always be attacked collaterally by one who was not a party or privy to it. Black, Judgments (2d ed.), §§ 278, 534. A rule otherwise would permit a man to be condemned unheard, or his property taken without notice, which of course is contrary to the plainest principles of law or justice."

But it will be noticed that in those cases the order of adoption was consented to by persons who had no right to give such consent. In other words, the custody of the children in those cases had not been adjudicated to be in one of the parents to the exclusion of the other; and, under the terms of the statute, both were required to consent and an adjudication without such consent was held void. In the present case, Fred E. Beers, in the divorce action, had been deprived of his right to the custody of his child. In this case, the parents were living separate and apart. They had been divorced and the custody of the child now in question had been awarded to the mother under the statute. It is plain that the consent of Fred E. Beers was not required. Nor was he entitled to notice of the proceeding to adopt the child. *James v. James*, 35 Wash. 650, 77 Pac. 1080.

It is argued at length that, if this is the intention of the statute above quoted, it is unconstitutional. Following the

case of *Van Matre v. Sankey*, 39 Am. St. 196, Mr. Freeman has written an instructive monographic note upon the law relating to the adoption by one person of the children of another, and at page 212 he says:

"The constitutionality of adoption statutes has been assailed on the ground that they might authorize the depriving of a natural parent of his or her rights without notice or due process of law, and on the ground that they deprived heirs of their right of inheritance. The first ground of assault has not received attentive consideration, for the reason that it has never been made by a parent claiming the right to the custody or services of his child, but has been interposed by other persons who merely sought to assert the existence of some right in favor of the natural parent, in order to obtain an advantage for themselves. So far as the decisions have spoken on this subject, they indicate that a parent has no vested right in his or her child, and that the legislature may interpose between the parent and child such regulations as it may deem best for the welfare of either, and that because of its duty 'as *parens patriae* to guard the interests of dependents and protect and control them,' it may authorize a decree of adoption to be made without any notice either to the infant or to its parents, guardian, or next of kin: *Van Matre v. Sankey*, 148 Ill. 557, ante, p. 196; *Gibson, Appellant*, 154 Mass. 378; *Estate of Williams*, 102 Cal. 70; 41 Am. St. Rep. Said Clark, judge, in *Nugent v. Powell*, Wyo., May, 1893: 'That in American jurisprudence the right of the father to the custody of his child is not an absolute right, but that it is in all cases referable and subordinate to the interests and welfare of the child,' and he therefore held that though a statute might be construed as entitling a court to proceed to authorize an adoption of a minor child without notice to a parent, who was alleged to have abandoned it, yet the statute could not for that reason be adjudged unconstitutional."

Further along in the same note, at page 220, it is said:

"If a statute provides that the consent of the parent or parents of the child must be given, there can be no doubt that their rights as parents cannot be cut off in the absence of such consent, unless, indeed where the proceeding is judicial,

and they have had notice thereof, and an opportunity to resist the action taken. : . . A natural parent may have been guilty of some offense, or manifested some moral depravity on account of which his rights as parent have been annulled, or he may have abandoned his child to the care of strangers, or exhibited a total indifference to its welfare. Shall it be deprived of the right to be adopted, or of the benefit of an adoption supposed to have been made, because his consent to the adoption has not been had? Thus, where such parent appears for the purpose of asserting his or her supposed right to the custody of the child, the right may be denied where there has been an abandonment of parental duties, and an apparent purpose to relinquish parental claims: *Winans v. Luppie*, 47 N. J. Eq. 302. Generally, whenever a parent has done some act, or been guilty of some misconduct or omission on account of which he has ceased to possess parental rights, he may be disregarded in proceedings for adoption. His consent is not a prerequisite, and notice to him need not be given: *Nugent v. Powell*, Wyo., May, 1893. If, as a result of a suit for divorce, the mother has been awarded the custody of the child, the father is not entitled to be heard in proceedings for its adoption, and though he appears and opposes them, the adoption may be consummated: *Baker v. Strahorn*, 33 Ill. App. 59."

In *Chapsky v. Wood*, 26 Kan. 650, 40 Am. Rep. 321, Judge Brewer, in considering a case similar to the one at bar, said:

"A parent's right to the custody of a child is not like the right of property, an absolute and uncontrollable right. If it were, it would end this case and relieve us from all future difficulties. A mere right of property may be asserted by any man, no matter how bad, immoral, or unworthy he may be; but no case can be found in which the courts have given to the father who was a drunkard and a man of gross immoralities, the custody of a minor child, especially when that child is a girl. The fact that in such cases the courts have always refused the father the custody of his child, shows that he has not an absolute and uncontrollable right thereto."

And further along, he says:

"Above all things, the paramount consideration is, what will promote the welfare of the child?"

In *Purinton v. Jamrock*, 195 Mass. 187, 80 N. E. 802, 18 L. R. A. (N. S.) 926, in considering the question of the constitutionality of the laws of that state with reference to adoption, the court said:

"We do not regard the constitutionality of the provisions of R. L. c. 154, as to adoption, as now open to question. This was assumed in *Stearns v. Allen*, 183 Mass. 404. Similar statutes have been held to be constitutional in other states. *In re Stevens*, 83 Cal. 322; *State v. Meyer*, 63 Ind. 33; *Nugent v. Powell*, 4 Wyo. 173; *Van Matre v. Sankey*, 148 Ill. 536. The decision in *People v. Congdon*, 77 Mich. 351, turned upon another question. Nor have the parents any inherent right of property in their minor child, of which they can in no way be deprived without their consent. They are the natural guardians of their child, entitled to its custody, with the right to appropriate its earnings, and may recover damages for any interference with their rights by a wrongdoer. *Horgan v. Pacific Mills*, 158 Mass. 402. But this right is not an absolute and uncontrollable one. It will not be enforced to the detriment or destruction of the happiness and well being of the child. See the strong opinion of *Brewer, J.*, in *Chapsky v. Wood*, 26 Kans. 650. The same doctrine is laid down in *Clark v. Bayer*, 32 Ohio St. 299, 310. As the child owes allegiance to the government of the country of its birth, so it is entitled to the protection of that government which must consult its welfare, comfort and interests in regulating its custody during its minority. *Mercein v. People*, 25 Wend. 64, 103; *United States v. Green*, 3 Mason, 482, 485. The right of the parents is not an absolute right of property, but is in the nature of a trust reposed in them, and is subject to their correlative duty to care for and protect the child; and the law secures their right only so long as they shall discharge their obligation."

In *Nugent v. Powell*, 4 Wyo. 173, 33 Pac. 23, 62 Am. St. 17, 20 L. R. A. 199, the court said:

"As to the constitutionality of the statute when construed as we construe it, we have this to say: An examination of the statutes of adoption in force in the United States, will show that in several states the consent of and notice to abandoning parents is not required. It is enough if the fact of abandon-

ment is made to appear, then the remaining parent may consent to the adoption. This is the case in Colorado, Illinois, Alabama, and perhaps other states. After careful search we have been unable to find any case in which the constitutionality of such statutes has been denied or questioned, and certainly we have not been referred to any."

In *Parsons v. Parsons*, 101 Wis. 76, 77 N. W. 147, 70 Am. St. 894, it was held, under a statute which authorized the adoption of a child without the consent of an absent or abandoning parent, that adoption proceedings had without notice to or the consent of such parent were valid. To the same effect see *In re Williams' Estate*, 102 Cal. 70, 36 Pac. 407, 41 Am. St. 163.

So in the case of *Younger v. Younger*, 106 Cal. 377, 39 Pac. 779, where a divorce had been granted to the parents of a child and the custody of the child had been awarded to the mother and subsequently the child was adopted by a third party, the supreme court of California held that where the mother consents to the child's adoption, the court awarding the adoption cannot thereafter modify the decree so as to give the custody of the child to its father. That case is directly in point here, except that it does not consider the constitutionality of the statute.

For the reasons stated in the foregoing quotations, we are of the opinion that the state has the right to authorize the adoption of a minor child upon the consent of the person to whom the care and custody of such child is awarded; and that it is not necessary to give notice to the defaulting parent.

It is argued by the appellant that the respondent, Fred E. Beers, did not have his day in court upon the question of the custody of his child, or upon the question as to whether it should be adopted by its foster parents. He did have his day in court in the divorce case, wherein it was adjudged that his wife was the proper person to have the care and custody of the child; and the child was therefore awarded to her. Thereafter, under the statute, which we think is clearly con-

stitutional and valid, the mother, who had the care and custody of the child, could properly give her consent to its adoption by other parties. As was said by Justice Brewer in *Chapsky v. Wood, supra:* "Above all things, the paramount consideration is, what will promote the welfare of the child?"

The court found that the adoption proceedings were in fraud of the rights of the respondent, Fred E. Beers. But the only evidence of this is that no notice was given to him of the application to adopt the child. As we have seen above, he was not entitled to notice.

It is also claimed that there was evidence of fraud from the fact that the adoption proceeding was taken when it was known by his ex-wife and by the appellant that proceedings were about to be taken by Fred E. Beers in the divorce case to modify the decree with reference to the custody of the child. The appellant and Mrs. Beers denied that they knew Mr. Beers intended to file his application to modify the decree in the divorce case at the time of the adoption proceeding. They also testified that Mrs. Beers was about to be married and leave the state. In fact she was married and left the state on the day following the decree of adoption. We think there is no sufficient evidence in the record to justify a finding of actual fraud. We are convinced that the trial court based his finding of fraud entirely upon the ground that Fred E. Beers had no notice of the adoption proceeding, which, in the opinion of the court, he was entitled to.

The trial court declined to hear evidence relating to want of fitness of the adopting parent, upon the ground that such evidence might be heard in another proceeding in order to determine what was best for the child. We think the lower court was correct in this. Whatever may be the result in this particular proceeding, that question is always open to determine the fitness of parents who have adopted children.

We are satisfied that the statute relating to adoption is valid, that the proceedings had in this case are in accordance

with the statute and valid, and that the court erred in modifying or setting aside the decree of adoption.

The judgment appealed from is therefore reversed, and the cause remanded with directions to dismiss the same.

CROW, C. J., FULLERTON, and PARKER, JJ., concur.