[No. 14343.   Department One.   January 11, 1918.]

## In the Matter of the Adoption of JUNE LEASE.[1]

APPEAL—REVIEW—PRESERVATION OF GROUNDS.  In the absence of findings or statement of facts, the court cannot review the questions of fact upon vacating a decree of adoption.

ADOPTION — PROCEEDINGS — CONSENT OF PARENTS — DIVORCE—STATUTES—CONSTRUCTION.  Under Rem. Code, § 1696, requiring the consent of both parents for the adoption of a child and the consent of both parents if living separate and apart but such consent may be given by the parent having the care and custody of a child, a divorced husband must give consent where the decree of divorce awarding the custody of the child to the wife did not sever absolutely the husband's legal relation, but gave him the right to visit the child at any and all times within reason; since the adoption severs absolutely the parents' relations, and the statute as to consent to such change must be strictly construed.

Appeal from an order of the superior court for Pierce county, Card, J., entered March 21, 1917, vacating an order of adoption, upon petition of the father, after a hearing before the court.   Affirmed.

*A. O. Burmeister, M. J. Gordon,* and *Carroll A. Gordon,* for appellant.

*Hiram F. Garretson,* for respondent.

PARKER, J.—This is an appeal from an order of the superior court for Pierce county, vacating and setting aside a decree of adoption rendered by that court on January 11, 1917, whereby Ada F. Todd was decreed to be the foster parent of June Lease, a minor, all rights of her natural parents in her as their child decreed to be at an end, and her name changed to June Todd.

Veda Lease and Ernest Lease, husband and wife, the natural parents of the minor, June, were divorced by a decree of the superior court for Pierce county on May 11, 1916. That decree disposed of the minor, June, as follows:

[1]Reported in 169 Pac. 816.

"That the plaintiff be and she is hereby given the custody of the girl child named June, born to plaintiff and defendant, so long as plaintiff remains a fit and proper person and competent and able to care for said child. That defendant be and he is hereby given the right to visit said child June, at any and all times within reason."

On January 11, 1917, Ada F. Todd petitioned the superior court for Pierce county for permission to adopt June Lease, the petition being accompanied by the written consent of Veda Lease. On the same day, the court entered its decree of adoption as above noticed. Ernest Lease, the father of June Lease, had not given his consent to the adoption, nor was any notice given to him affording him an opportunity to be heard in the adoption proceeding, though he was then a resident of the city of Tacoma, which fact it would seem from the record before us was then known to Ada F. Todd and Veda Lease. On January 16, 1917, five days following the entering of the adoption decree, Ernest Lease filed in that court his motion and petition praying for its vacation, alleging want of jurisdiction in the court to enter the same because of the want of his consent thereto, and because of want of notice to him affording him an opportunity to be heard in the proceeding. On March 21, 1917, the court disposed of the matter, vacating the order and decree of adoption as follows:

"It is hereby ordered that the decree of adoption made and entered the 11th day of January, 1917, is hereby vacated and set aside and that the child be restored to custody of mother under former decree of court."

This is the whole of the final order of vacation, aside from the title of the case, there being no recitals therein indicating other than that the matter was disposed of by the court upon the merits, so we must now assume that the matter was disposed of upon the merits. Ada F. Todd has appealed from the order of vacation to this court.

The trial court made no findings of fact touching the question of the vacation of the order and decree of adoption, nor

has any statement of facts touching that question been certified by the trial court. The facts as above summarized are gathered from the clerk's transcript and statements in appellant's brief. We, therefore, of course, cannot review any questions of fact having to do with the necessity of Ernest Lease consenting to the adoption.

The contentions of counsel for appellant are, in substance, that respondent, Ernest Lease, was not entitled to any notice of the adoption proceeding, that he was not entitled to be heard therein, and that his consent to the adoption was unnecessary because of the disposition of the minor, June, made by the decree of divorce. In other words, that the divorce decree conclusively shows such condition with respect to the rights of Ernest Lease that he was not entitled to be heard in the adoption proceeding, and as to also render his consent to the adoption unnecessary. The provisions of Rem. Code, § 1696, are relied upon in that behalf, which are as follows:

"Any inhabitant of this state, not married, or any husband and wife jointly, may petition the superior court of their proper county for leave to adopt and change the name, if desired, of any child under the age of twenty-one years, but a written consent must be given to such adoption by the child, if of the age of fourteen years, and by each of his or her living parents who is not hopelessly insane or a confirmed drunkard. If there be no such parents, or if the parents be unknown, or shall have abandoned such child, or if such parents, or either of them, are hopelessly insane, or a confirmed drunkard, then by the legal guardian; if there be no such guardian, then by a discreet and suitable person appointed by said court to act in the proceedings as next friend of such child: *Provided, however, that if the parents are living separate and apart, the consent of both is not required, but such consent may be given by the parent having the care, custody and control of such child.*"

We have italicized the portion of the statute particularly relied upon by appellant. If the divorce decree had assumed to award the minor, June, to Veda Lease without qualifica-

tion, so as to have finally divested respondent of all parental rights with respect to her, assuming, for argument's· sake, that a divorce decree could do so, there might be some ground for the contentions here made in appellant's behalf to rest upon. But the language of the divorce decree does not purport to have such a far-reaching effect, since it reserves to Ernest Lease, the father, "the right to visit said child June at any and all times within reason," and it also suggests that Veda Lease might not remain a fit person to have the custody of the child June. In other words, the divorce decree does. not purport to finally divest Ernest Lease of all parental rights in his child. We assume, of course, that Ernest Lease and Veda Lease were living separate and apart at the time of the adoption.

It will be of aid in the solution of our problem to here take notice of the real nature and effect of an adoption decree. When lawfully rendered, such a decree is manifestly a final adjudication of the status of the minor as to his or her future parentage, in the eyes of the law. The legal parentage of the minor is fixed and determined by such a decree. The parental rights of the natural parents are thereby extinguished and new parental rights substituted therefor. There is no continuing jurisdiction in the court over the cause or the parties to such a proceeding as in guardianship or divorce proceedings, which have to do only with the custody and care of a minor. The legal relationship thus created between a minor and its foster parent or parents ends only in death or another adoption proceeding, like the relationship existing between husband and wife, which ends only in death or a decree of divorce. It is true that an adoption decree does not divest the state of the power, acting through its courts, to take the custody of the adopted minor from its foster parent or parents when there is lawful reason therefor arising out of their delinquency with respect to the minor. So far as this power of the state

is concerned, the foster parent or parents are in exactly the same position as the natural parents before the adoption. In adoption cases, as well as in guardianship cases and others having to do with the mere custody and care of minors, the courts have used such general expressions as "the dominant question is the moral, intellectual and material welfare of the children." *Viereck v. Sullivan,* 77 Wash. 313, 137 Pac. 456; *In re Potter,* 85 Wash. 617, 149 Pac. 23. Decisions of other states might be cited wherein similar general expressions have been used. There is a sense in which this is true, but manifestly this thought has reference only to the care and custody of the minor apart from the pure question of parentage. The legal parentage of a child is not, and cannot be, lawfully changed under our laws as a matter of the court's discretion, in so far as the consent of the minor's parents is concerned. Until the consent of both living parents is given in the manner provided by our statute above quoted, or it is clearly shown that such consent is unnecessary, because of the existence of conditions specified in the statute, the court has no discretion to act in the matter at all. Of course, when the required consent is once given, or the substituted conditions dispensing with consent are clearly made to appear, the court then does have discretion to determine the question of the "propriety of such adoption," using the language of Remington & Ballinger's Code, § 1698. Then only is the question of the moral, intellectual and material welfare of the minor of any concern to the court. The court's discretion has to do only with the question of who the new parent shall be, and has nothing to do with the extinguishment of the rights of the natural parents. That which we desire to emphasize here is that the question of the change of legal parentage of a minor by adoption is quite a different matter from that of a court deciding, as a matter of discretion, who shall have the custody and control of a minor. The former is not a matter of discretion at

14—99 WASH.

all, but a matter of consent, or the existence of conditions rendering consent unnecessary.

In *In re Cozza*, 163 Cal. 514, 126 Pac. 161, Ann. Cas. 1914A 214, there was involved an adoption statute of that state similar to ours, in that it required the consent of both parents, if living, to the adoption of their child by another before the court had any power to decree adoption, except under certain specified conditions the existence of which being clearly shown, the consent of one or both of the parents could be dispensed with. That decision learnedly reviews and points out the distinction between the changing of the legal parentage of a child by adoption and the mere changing of its custody by guardianship or other similar proceeding looking to its personal welfare. Pointing out that consent lies at the foundation of the statute, and arriving at the conclusion that the statute should be strictly construed in so far as it prescribed conditions the existence of which will dispense with the consent of the parents, Justice Lorigan, speaking for the court, said:

"If there exists such dereliction of parental duty as necessitates the taking of children out of the custody of their parents, the state as *parens patriae*, in aid of the welfare of children, has provided ample means by which it may be accomplished without completely destroying the natural relation existing between the parent and child. This is accomplished through guardianship or other judicial proceedings, and even by virtue of the Juvenile Court Law Act itself, where temporary control of them may be taken, at the same time that there is preserved to the parents the right to have the children restored to them when conditions have changed so that the parents are fit to resume the primary obligation placed on them by nature and the law of caring for and supporting their children.

"As the act of adoption is to sever absolutely the legal relation between the parents and child, to destroy their reciprocal relations and create entirely new ones between the adopting parent and the child, the law, recognizing the natural and sacred rights of natural parents to their children,

will permit this to be done only with the consent of the parents, unless under exceptional conditions, which it itself prescribes, such consent is declared unnecessary.

"The power of the court in adoption proceedings to deprive a parent of his child being in derogation of his natural right to it, and being a special power conferred by the statute, such statute must be strictly construed, and in order to warrant the exercise of the special power and sustain an order for adoption, made in opposition to the wishes and against the consent of the natural parent, on the ground that conditions prescribed by statute exist which make that consent unnecessary, the existence of such conditions must be clearly proven, and the evidence bring them within the terms and intent of the statute. The law is solicitous towards maintaining the integrity of the natural relation of parent and child, and in adversary proceedings in adoption, where the absolute severance of that relation is sought, without the consent and against the protest of the parent, the inclination of the courts, as the law contemplates it should be, is in favor of maintaining the natural relation."

Now, recurring to the italicized portion of our statute above quoted, it might seem, when read superficially apart from its evident spirit, that, when the care and custody of a child is given to one parent by a divorce decree, the consent of such parent alone would be sufficient to authorize the adoption of such child by another. But when we are reminded of the conclusive and far-reaching effect of an adoption decree and that it is not a mere custody decree, like in a guardianship or other similar proceeding, every consideration of fairness to the natural parents dictates that the provisions of our statute prescribing the conditions under which consent may be dispensed with should receive a strict construction. We are of the opinion that, to enable one parent having the custody and control of a child to effectually consent to its adoption by another, such custody and control must be of such an absolute and unconditional nature that the other parent's right in the child is extinguished, or the other parent's conduct is such as to estop him or her from asserting

such right.. Let us suppose that, pending a divorce action, when, of course, the husband and wife are supposed to be living separate and apart, one or the other be given the temporary custody and control of their minor child. To give the statute the literal meaning contended for by counsel for appellant would enable the parent so having the custody and control of the child to effectually consent to its adoption by another. We cannot believe that such is the legislative intent.

Our decision in *In re Beers' Adoption*, 78 Wash. 576, 139 Pac. 629, when read superficially, may seem not wholly in harmony with our conclusion here reached. That, however, was a case where apparently the decree of divorce awarded the custody of the minor child to the mother unconditionally, without reserving any rights in the father. The decree provided that the father should pay $15 per month for the support of the children. After the divorce was granted, he paid two or three months' allowance provided for in the decree, and thereafter left the state and was gone for a period of three years, during which time he wholly neglected his duty towards his children. Upon his seeking a vacation of the order, it was held that, under this state of facts, he was not entitled to be heard in the adoption proceeding, nor was his consent to the adoption necessary. Hence the adoption decree was valid as against him. That decision is not controlling here.

We think it is plain from the record before us that the superior court was fully warranted in vacating the adoption decree upon the ground that the consent of Ernest Lease was necessary, in so far as the custody of the child June by Veda Lease under the divorce decree is concerned, and this is all we are here concerned with.

If there were other existing statutory conditions claimed in the superior court by appellant as being sufficient to dispense with the consent of Ernest Lease, we, of course, cannot now say that the superior court wrongly decided that

such conditions did not exist, since we have nothing in this record enabling us to review any such questions.

The order vacating the adoption decree is affirmed.

ELLIS, C. J., FULLERTON, and MAIN, JJ., concur.

WEBSTER, J., concurs in the result.