[No. 29391.    Department Two.    September 14, 1944.]

THE STATE OF WASHINGTON, *on the Relation of Ramon Bulmon et al., Plaintiff,* v. THE SUPERIOR COURT FOR KITSAP COUNTY, *H. G. Sutton, Judge, Respondent.*[1]

*Maslan & Maslan,* for relators.

*Donald B. Miller,* for respondent.

BLAKE, J.—This matter comes up on certiorari to review an order entered May 24, 1944, by the juvenile court of Kitsap county, denying an application of relators for the custody of their children, who had been taken from them by order of that court entered July 14, 1942, upon a dependency petition. In that order, the court found that "the said children are neglected, and the parents are both working, but the family live in filth and squalor; the children are suffering from malnutrition." That the evidence completely warranted that finding, is not questioned by the petitioners, so it is unnecessary to review the facts upon which it was based.

[1] Reported in 151 P. (2d) 987.

The petitioners contend, however, that they now have a home, established shortly after the entry of the order of July 14, 1942, which is in all respects a fit and proper abode for the children. That petitioners have great parental affection for their children, we have no doubt. Nor have we any doubt of their good intent and desire to give the children proper parental care and to maintain them in such surroundings and under such conditions as are necessary to their welfare. After reading and carefully considering the facts of record, however, we have, albeit with great reluctance, come to the conclusion, as did the trial judge, that the petitioners are somehow lacking in the *capacity to maintain* a fit home or to give the children the supervision that is necessary to their physical and spiritual welfare.

In arriving at this conclusion, we are aware, as was the trial judge, of the desirability and the sound public policy of keeping the children of a family together and with their natural parents, and it is only in extreme cases where "we are forced and compelled by the dictates of humanity that we do take children away from their parents."

The situation in the home that gave rise to the order of July 14, 1942, was not an isolated one. For nearly ten years prior to that, the neglect of the children and the conditions of squalor in which they lived were recurrently forced upon the attention of various welfare agencies. Repeated efforts were made to inculcate petitioners with an adequate sense of parental responsibility. But the efforts were of no avail. However hard they tried, petitioners seemed unable to maintain for any sustained period a fit home for their children or to give them the care that is essential to their welfare.

Manifest of the petitioners' parental irresponsibility is their conduct since the order of July 14, 1942, was entered. The court directed that they contribute twenty dollars a month toward the support of the children. Except for a single payment of twenty dollars, this direction was ignored, notwithstanding that the family earnings were, on the average, in excess of one hundred fifty dollars a month.

And again: Their petition for the return of the children was not filed until after a petition had been filed by Kitsap county welfare association for placement of the youngest child for adoption.

We agree with the trial court that the return of these children to the custody of their parents would not subserve their welfare and best interests.

Order affirmed.

JEFFERS, ROBINSON, and MALLERY, JJ., concur.

MILLARD, J. (dissenting)—I cannot concur in the view inferable from this opinion that the children belong to the state; therefore, I dissent.

October 26, 1944. Petition for rehearing denied.