[No. 1577-1.    Division One—Panel 1.    August 7, 1972.]

*In the Matter of the Welfare of* EARL LEE HENDRICKSON *et al., Minors.*

*William A. Stiles, Jr.,* for petitioners.

*Earl F. Angevine, Prosecuting Attorney,* for respondent.

WILLIAMS, J.—This case is brought here by writ of certiorari to review an order of the superior court permanently depriving petitioners, Earl Lee Hendrickson and Diana Rohr Hendrickson, of the custody of their minor children, Earl and Shane. The order had placed the children on adoptive status with the Department of Public Assistance.

The trial court at a hearing on March 7, 1972, found that the mother, Mrs. Hendrickson, and Earl had been declared dependent children and made wards of the court in August, 1969. At that time they were placed in a foster home. Shortly thereafter, Mrs. Hendrickson married Earl Lee Hendrickson, who left almost immediately for service with the armed forces in Germany. Another juvenile hearing was held in August, 1970; and in October, 1970, the court continued jurisdiction of Earl, only, and placed him in the custody of Mrs. Hendrickson.

In August, 1971, a third hearing was held. The court then learned that Mrs. Hendrickson had entered into a meretri-

cious relationship with a male friend. She had also borne another son, Shane. As it appeared that Mr. and Mrs. Hendrickson intended to establish a home, however, the court continued custody of both children in Mrs. Hendrickson. The home was not established, and Mrs. Hendrickson has lived with the friend ever since. Mr. Hendrickson, now out of the service, has not supported the children.

At the hearing on March 7, 1972, the court made the following two findings which led to its conclusion that the parents should be permanently deprived of the children, Earl and Shane:

### IX.

That since the hearing of August, 1971, Diane Rohr Hendrickson has become pregnant again . . . That Diane Rohr Hendrickson is dependent upon public assistance for her support and maintenance and the support and maintenance of her children; that Diane Rohr Hendrickson is living openly and notoriously with . . .

### X.

That Diane Rohr Hendrickson and the said . . . intend to legalize their relationship at such time as Diane Rohr Hendrickson obtains a divorce from Earl Lee Hendrickson. That it is unreasonable to expect that any change in the living conditions or stability of the Hendrickson home will occur within a minimum of nine to twelve months and that said home is not a fit and proper place for the care, custody and control of said minors. That it would best serve the interest of said minors if they were permanently deprived from the care, custody and control of their parents and were placed in an adoptive status at the present time.

The evidence offered by both the state and petitioners is that the children are healthy and well-cared for. There is no evidence that the relationship between the friend and Mrs. Hendrickson is detrimental to the children who are presently 3½ and 1 year of age. Mrs. Hendrickson's current pregnancy is by the friend. As the court determined, the friend and Mrs. Hendrickson intend to legalize their relationship when Mrs. Hendrickson secures a divorce, which

she anticipates accomplishing through the assistance of the legal aid service. The divorce proceedings were scheduled to begin about June 28, 1972.

■ The caseworker, called as a witness by the state, testified that he wants the children to live in an "atmosphere of stimulation, intellectually and emotionally." In its oral decision the trial court decided that the parents should be deprived of the children because "there is no parent who has demonstrated the ability to establish a good solid family home." We wish the best for the children—their welfare is the paramount consideration—but there is no statutory authority for these standards which are too high to be set for parents in a deprivation case. RCW 13.04.010; *see In re Adoption of Lybbert,* 75 Wn.2d 671, 453 P.2d 650 (1969) (abandonment); *In re Dunagan,* 74 Wn.2d 807, 447 P.2d 87 (1968) (beating); *In re Miller,* 40 Wn.2d 319, 242 P.2d 1016 (1952) (brutality of father is grounds for permanent deprivation of father but not of mother); *In re Warren,* 40 Wn.2d 342, 243 P.2d 632 (1952) (poverty is not grounds for deprivation); *State ex rel. Bulmon v. Superior Court,* 21 Wn.2d 536, 151 P.2d 987 (1944) (filth, squalor, malnutrition, nonsupport); *In re Day,* 189 Wash. 368, 65 P.2d 1049 (1937) (neglect, nonsupport); *In re Fields,* 56 Wash. 259, 105 P. 466 (1909) (abandonment); *Lovell v. House of the Good Shepherd,* 9 Wash. 419, 37 P. 660 (1894) (immoral mother, alcoholic father, indefinite placement of child in institution is not grounds for deprivation).

We believe that the evidence as carried into the findings is insubstantial and does not warrant the entry of judgment of permanent deprivation.

Although it is undisputed that Mr. Hendrickson has done nothing to support the children, it developed at the hearing on March 7, 1972, that no one had urged him to do so. He testified that because he had recently become employed he was able and willing to help in the support of the children.

The order permanently depriving the parents of the chil-

dren should be vacated and the cause remanded for further consideration by the trial court. It is so ordered.

HOROWITZ, C.J., and CALLOW, J., concur.