[No. 2436. Decided February 15, 1897.]

## C. B. LOWRY, *Respondent*, v. WILLIAM H. MOORE, *Appellant*.

PLEADING — STATUTES OF ANOTHER STATE — WRITTEN INTERROGATORIES — STRIKING EVASIVE ANSWERS.

Where a party relies upon the statute of a sister state, he must, in the absence of statutory provisions to the contrary, plead it as he would any other fact, not by stating what in the opinion of the pleader is its effect, but the statute itself should be set forth.

The action of the court in striking answers to written interrogatories is not erroneous, when the interrogatories were directed to facts within the knowledge of the party and the answers returned by him are plainly evasive and made with intent to conceal instead of disclosing the facts within his knowledge.

Appeal from Superior Court, King County.—Hon. RICHARD OSBORN, Judge. Affirmed.

*Condon & Wright* (*William H. Moore*, of counsel), for appellant.

*Isaac D. McCutcheon*, for respondent.

The opinion of the court was delivered by

GORDON, J.—Respondent brought this action to recover upon a promissory note. The complaint contains the usual allegations. The answer of the defendant contained general denials of the allegations of the complaint, and as an affirmative defense set forth that the note in suit was executed, delivered and made payable in the state of Kentucky, that at the time it became due, the defendant and the payee of

the note were non-residents of the state of Washing-
ton, and resided in the state of Kentucky. The an-
swer then alleges that actions upon promissory notes
like the one in question are required by the law of the
state of Kentucky to be brought within five years,
that according to the laws of Kentucky, where a cause
of action accrues in that state against a resident
thereof, and after such cause of action accrues, the
defendant shall depart from and reside out of the state,
the time of his absence therefrom shall be deemed
and taken as a part of the time limited for the com-
mencement of such action. It is also alleged in said
answer that the cause of action did not accrue within
five years before the commencement of such action.

The respondent demurred to the affirmative defense
and his demurrer was sustained, and thereupon the
appellant served written notice of his election to stand
upon his affirmative defense and refused to amend.
Thereafter respondent served written interrogatories
upon the appellant pursuant to statute, which interrog-
atories and the answers of the appellant thereto are
as follows :

"1. *Question:* Were you ever acquainted with Henry
M. Lowry, the payee of the note on which this action
is based, and with C. B. Lowry, .the assignee of said
note, or either of them ? *Answer:* I do not know
that I was ever acquainted with Henry M. Lowry, the
payee of the note on which this action is based, or
with C. B. Lowry, said to be the assignee of said note,
or with either of them.

"2. Q. If so state where you knew them, and how
long you knew them or either of them ? A. I once
knew an Henry M. Lowry, who lived in the State of
Kentucky, and a C. B. Lowry who also lived in the
same state; I knew them for a number of years.

"3. Q. State whether you ever saw the note on
which this action is based, and at what times and

places and under what circumstances? A. I do not know.

"4. Q. Did you execute and deliver that note? A. I do not know.

"5. Q. If so, what was the consideration therefor? A. I do not know.

"6. Q. Do you know the signature of Henry M. Lowry, the payee of said note? A. I do not know.

"7. Q. Have you not, prior to the commencement of this action had this note presented to you, and did you not examine it together with the endorsement thereon? A. I do not know.

"8. Q. If so, state whether the signature subscribed to the assignment thereon is the signature of the said H. M. Lowry, the payee? A. I do not know.

"9. Q. Has any demand been made upon you for the payment of said note, prior to the commencement of this action, and if so, by whom, and in what capacity? A. I do not know.

"10. Q. Has the said note or any part thereof ever been paid by you to any one? A. I do not know."

Subsequently the respondent moved the court to strike the answers to said interrogatories, and for judgment, for the reason, among others, that the answers to all of them are "evasive, sham and impertinent, and made with intent to conceal instead of disclosing the facts within his own knowledge, sought to be elicited by the several interrogatories." This motion was sustained and judgment entered. The appeal is from the judgment and brings with it for review in this court the ruling of the superior court sustaining the demurrer to the so-called affirmative defense. The objection urged by respondent to the sufficiency of the pleading is that the statute law of the state of Kentucky is not set forth in terms in the answer, and that in this respect the pleader has merely given his own conclusion or interpretation of the statute, and of the interpretation which the courts of that state have

placed upon it.   We think the demurrer was properly
sustained.   We think that in the absence of statutory
provisions to the contrary, the settled rule is that
where a party relies upon the statute of a sister state,
he must plead it as he would any other fact, not by
stating what in the opinion of the pleader is its effect,
but the statute itself should be set forth.   *Carey v.
Cincinnati, etc., R. R. Co.,* 5 Iowa, 357; *McLeod v. Con-
necticut, etc., R. R. Co.,* 58 Vt. 727 (6 Atl. 648); *Sells v.
Haggard,* 21 Neb. 357 (32 N. W. 66); *Bank of Com-
merce v. Fuqua,* 11 Mont. 285 (28 Pac. 291, 28 Am. St.
Rep. 461); *Swank v. Hufnagle,* 111 Ind. 453 (12 N.
E. 303.

"They, or such parts of them as are necessary to be
understood, must be set out in the pleadings, and
proved like other facts."   Bliss, Code Pleading, § 183.

Nor do we think that the court erred in striking the
answers of the appellant to the interrogatories pro-
pounded and rendering judgment.   The interroga-
tories were directed to facts which were within the
knowledge of the appellant, and respondent was en-
titled to have them fairly and fully answered.   Appel-
lant cannot sustain these answers upon the theory
that he did not know what note respondent was suing
upon.   A full description of it is set forth in the com-
plaint and it was the note so described to which the
interrogatories were directed.

Perceiving no error in the record, the judgment is
affirmed.

DUNBAR and REAVIS, JJ., concur.