[No. 3736.   Decided  September  4,  1901.]

*In the Matter of the Estate of Mary J. Stewart, Deceased:*

FRANCIS M. PRITCHETT *et al., Appellants,* v. JONATHAN
EDWARDS, *et al., Respondents.*

WILLS—CONSTRUCTION—GOVERNED BY SITUS OF REALTY.

A devise of real property is governed by the law of its *situs,*
and not by that of the testator's domicile.

SAME — STATUTE OF USES — APPLICATION TO CHARITABLE TRUSTS.

The statute of uses (27 Hen. VIII., ch. 10), which provides
that title conveyed in trust passes no estate to the trustee, but
vests at once in the *cestui que trust,* has no application to a de-
vise for public charitable uses.

SAME—CHARITABLE USES—DEVISE FOR SECTARIAN SCHOOL.

A bequest was for charitable uses, where the devise was to
trustees, in trust "for the proposed Congregational Academy, in
or near the city of Spokane, Washington, contemplated to be
started and equipped by or under the auspices of the Congrega-
tional Churches," and, in case it should not be incorporated, then
the property should go to the same trustees, "in trust for such
other charitable purpose and uses as they may see fit."

SAME—UNCERTAIN CHARITABLE PURPOSE—EFFECT OF DESIGNATION OF
TRUSTEES.

A devise of property to certain trustees, giving them power to
use the bequest for such charitable purposes and uses as they
in their discretion may see fit is not void on the ground of un-
certainty or indefiniteness either as to the objects to be accom-
plished or as to the beneficiary.

TRUSTS—JURISDICTION OF EQUITY.

Courts of equity take cognizance of trusts for charitable uses
under their inherent, original jurisdiction of all trusts, regardless
of whether the statute of charitable uses, known as 43 Eliz. ch. 4,
has been specifically adopted.

Appeal from Superior Court, Spokane County.—Hon.
WILLIAM E. RICHARDSON, Judge.   Modified.

*Nash & Nash (H. W. McComas, D. W. Burchard* and
*James Dawson,* of counsel), for appellants.

*Crow & Williams,* for respondents.

The opinion of the court was delivered by

REAVIS, C. J.—Suit to construe and declare void a de-
vise in the will of Mary J. Stewart to Wm. Davies, W. H.
Short and Jonathan Edwards for certain uses therein set
forth, as follows:

"To Rev. Wm. Davies, W. H. Short and Jonathan Ed-
wards, of Spokane, Washington, I give and devise my
former home place in Altamont, Spokane county, state of
Washington (being the three acre tract of land, with the
dwelling house, which was formerly occupied as a home
by myself and my husband, John W. Stewart, now de-
ceased, while we resided in said Altamont, and lying next
west of the premises formerly of Prather and standing in
my name), in trust, nevertheless, for the proposed Con-
gregational Academy, in or near the city of Spokane,
Washington, contemplated to be started and equipped by
or under the auspices of the Congregational Churches,
provided said academy shall be incorporated, under what-
ever name it may be, within five years from my death;
and if said academy or institution shall not be so incor-
porated, then I give and devise my said former home place
to the same three trustees, or the survivor or survivors of
them, in trust for such other charitable purpose and uses
as they may see fit in their discretion to employ the same."

The will was executed on the 28th of March, 1898, in
California, and decedent died on the 21st of April, 1898.
Appellants Pritchett and Denny, heirs at law of decedent,
filed the petition praying that the above clause be declared
void. The superior court adjudged the devise for the use
of the proposed academy valid, and the devise over to other
charitable uses void. The trustees named in the will ac-
cepted the trust and assumed the management and con-

trol of the property devised to them for the uses mentioned.    Appellant's counsel assigned two errors: First, the determination that the devise for the use of the proposed academy is valid; second, in not determining the liability for costs.

In support of the first assignment it is urged by counsel for appellant that the will is void under §1313 of Deering's Code, Vol. 2, Civil Code of California, which, in substance, prohibits such a devise in trust for charitable uses, except the will be executed at least thirty days before the decease of the testator.    The case was tried upon an agreed stipulation of the facts, and it does not appear that the law of California was proved.    Foreign laws must be pleaded and proven as any other fact, and in this regard the law of another state is as the law of a foreign country.    *McDaniel v. Pressler,* 3 Wash. 636 (29 Pac. 209); *Lowry v. Moore,* 16 Wash. 476 (48 Pac. 238, 58 Am. St. Rep. 49); 13 Am. & Eng. Enc. Law (2d ed.), 1060.    But the devise of real property is governed by the law of its *situs.*    Jarman, Wills, § 1; 3 Am. & Eng. Enc. Law, 632.

It is argued that the devise for the use of the proposed academy is a naked or passive trust for the use of one not in being, and is not for a public charitable purpose, and that it is indefinite, uncertain, and impossible of execution, as to the object for which it is intended to be used, and as to the source from which or through which the proposed corporation is to come into being.    The proposition is stated that under the statute of uses (27 Hen. VIII., ch. 10) the title conveyed in trust to the three trustees passes no estate to the trustees, but it vests at once in the *cestui que trust,*—that is, the proposed academy, *cestui que trust,* not being in *esse* at the death of the testatrix, the devise lapsed, and vested immediately in the heirs at law.    And

the principle is cited from Washburn on Real Property, as follows:

"A deed to A in trust for B, makes B the legal owner of the estate, and such conveyance passes no estate to the trustee, but vests it at once in the *cestui que trust.*"

And many authorities are cited in approval of the rule. This rule, in its application to private trusts, may be con· ceded, but the pivotal question in this cause is the nature of the devise. If the devise be for charitable uses, it is immaterial that the objects of the charity are uncertain and indefinite. Indeed, it is said that vagueness is, in some respects, essential to a good gift for a public charity, and that a public charity begins where uncertainty in the recipient begins. 2 Perry, Trusts (4th ed.), § 687; 2 Pomeroy, Equity Jurisprudence (2d ed.), §§ 1018-1020. It seems that a claimant for charity cannot have right to demand. A beneficiary who founds his claim on right cannot be the subject of charity. Therefore the beneficiaries, as individuals, must be uncertain in a public or charitable trust. The will before us must be liberally construed to give effect to the intention of the testatrix. She uses ordinary language in reference to existing conditions and her environments. The object of her beneficence is to aid the proposed Congregational Academy near Spokane. The court recognizes the Congregational Church as a Christian organization, and from its system of government it is frequently mentioned as a "church" or "churches"; and, further, that in this state there are congregational academies existing under the supervision of these congregational churches; that these academies are educational institutions; that their instruction gives prominence to Christian doctrines and morals, and that the testatrix deemed her bequest charitable is clearly expressed

in the devise, that, in the event that the proposed academy should not be established in a limited time, then "for sucn other charitable purposes and uses as they may see fit in their discretion to employ the same." It seems clear that the bequest was for charitable uses. In *Ould v. Washington Hospital,* 95 U. S. 311, Mr. Justice SWAYNE said:

"A charitable use, where neither law nor public policy forbids, may be applied to almost anything that tends to promote the well-doing and well-being of social man."

In *Jackson v. Phillips,* 14 Allen, 556, Mr. Justice GRAY gives a very comprehensive definition:

"A charity, in the legal sense, may be more fully defined as a gift, to be applied consistently with existing laws, for the benefit of an indefinite number of persons, either by bringing their minds or hearts under the influence of education or religion, by relieving their bodies from disease, suffering, or constraint, by assisting them to establish themselves in life, or by erecting or maintaining public buildings or works, or otherwise lessening the burdens of government. It is immaterial whether the purpose is called charitable in the gift itself, if it is so described as to show that it is charitable in its nature."

See, also, *Coggeshall v. Pelton,* 7 Johns. Ch. 294 (11 Am. Dec. 471); *Mitford v. Reynolds,* 1 Phil. Ch. 191; 2 Pomeroy, Equity Jurisprudence, 1021; Perry, Trusts, § 701.

Counsel for appellant have with much zeal and learning maintained that the statute of charitable uses (43 Eliz. ch. 4) is not in force in any of the states unless specifically adopted. The authorities adduced have been carefully examined. The citations from the states of Maryland, Indiana and New York seem to support this contention. But in some of them charitable uses have been abolished by legislation. But it seems that such charitable uses, when placed with a competent trustee, who is willing to act, have been

generally upheld in the states of the American Union. In some of the adjudications the Statute of Elizabeth has been deemed an affirmance of and definition for charitable uses as they already existed at the ancient common law. There is some contrariety of opinion as to the jurisdiction of courts of chancery in England before the Statute of Elizabeth to supervise the trustee and enforce the trust in charitable uses. One view was that the instances in practice where such trusts were directed by the chancellor was in the exercise of the prerogative of the King. In the case of *Baptist Association v. Hart's Executors,* 4 Wheat. 1, the supreme court of the United States referred to the origin and extent of equitable jurisdiction over charitable trusts in this country, as derived from the authority of the Statute of 43 Elizabeth. But the ruling was made in a case going up from the state of Virginia, where specific legislation had expressly abolished the Statute of Elizabeth. However, in a subsequent and leading case,— *Vidal v. Girard's Executors,*—that high tribunal, speaking through Mr. Justice STORY, virtually overruled the expressions of the former case, and observed of the precedents at common law before the statute was enacted:

"They established in the most satisfactory and conclusive manner that cases of charities where there were trustees appointed for general and indefinite charities, as well as for specific charities, were familiarly known to, and acted upon, and enforced in the Court of Chancery. In some of these cases the charities were not only of an uncertain and indefinite nature, but, as far as we can gather from the imperfect statement in the printed records, they were also cases where there were either no trustees appointed, or the trustees were not competent to take. * * * Whatever doubts, therefore, might properly be entertained upon the subject when the case of the *Trustees of the Philadelphia Baptist Association v. Hart's Exec-*

*utors,* 4 Wheat. 1, was before this court (1819), those doubts are entirely removed by the late and more satisfactory sources of information to which we have alluded." 2 How. 196.

The case last under consideration arose in the state of Pennsylvania, where the highest tribunal in the state had already adjudged that the Statute of Elizabeth had not been adopted, but charitable uses were sustained. That charitable uses have always been recognized by courts of equity seems to be established by undoubted authority. It is not necessary for authority to be sought under the Statute of 43 Elizabeth, for courts of equity here to recognize and enforce such trusts. Their inherent, original jurisdiction of all trusts gives cognizance of trusts for charitable uses. Among many authorities that might be mentioned, the following references are made: *Pennoyer v. Wadhams,* 20 Ore. 274 (25 Pac. 720); *Miller v. Teachout,* 24 Ohio St. 525; *Saltonstall v. Sanders,* 11 Allen, 446; *Russell v. Allen,* 107 U. S. 163 (2 Sup. Ct. 327); *Howe v. Wilson,* 91 Mo. 45 (60 Am. Rep. 226, 3 S. W. 390); *Estate of Hinckley,* 58 Cal. 457; 2 Perry, Trusts (4th ed.), § 720.

The provision that, in default of the establishment of the proposed academy, the trustees shall use the bequest for such other charitable purposes and uses as they may see fit, in their discretion, was adjudged void in the decree before us. The testatrix appointed competent trustees, and they have entered upon the discharge of their trust. This is not a devise to charitable uses generally, without the designation of a trustee; or, in other words, the imposition upon the court of the appointment or designation of the beneficiaries. The testatrix has reposed this confidence in her trustees, and it cannot be said that they may not execute the trust. And, if there is an abuse of the dis-

cretion reposed in them, they may be subject to the juris-
diction of equity.

The decree will therefore be modified so as to sustain
the validity of the devise as set forth in the will, and, as
modified, affirmed, and the cause remanded for such modi-
fication and entry of final decree.

ANDERS, WHITE and FULLERTON, JJ., concur.

## ON PETITION FOR REHEARING.

PER CURIAM.—In the petition for rehearing counsel
for appellant suggest that the question of costs in the su-
perior court was mentioned, but not determined in the
opinion. The action of the superior court in relation to
the costs in that court was not disturbed in the opinion,
and such action is confirmed.