[No. 19548. Department One. March 19, 1926.]

MARTIN BROTHERS, *Appellant*, v. CLARK NETTLETON
*et al., Respondents.*[1]

[1] STATUTES (93)—PLEADING FOREIGN STATUTES. In pleading the statutes of another state, the statutes must be set forth in terms, and it is not sufficient to state their substance and effect.

[2] CORPORATIONS (137)—OFFICERS AND AGENTS—INDIVIDUAL LIABILITY FOR WRONGFUL ACTS. The fact that a Washington corporation does business in the state of Oregon without compliance with the laws of that state does not render its trustees and officers individually liable for the debts there contracted, in view of statutory provisions that such default shall not impair the rights of other persons and that the corporation shall not enforce its contracts in Oregon, and the absence of any restriction upon actions against the corporation.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered March 17, 1925, dis-

[1]Reported in 244 Pac. 386.

missing an action to enforce liability of stockholders for a corporate debt upon sustaining a demurrer to the complaint. Affirmed.

*Frank Oleson* and *W. H. A. Renner* (*Frank A. Steele*, of counsel), for appellant.

*Stephen V. Carey*, for respondents.

FULLERTON, J.—The appellant, Martin Brothers, a corporation, brought this action in the superior court of King county against the respondents, Clark Nettleton, J. M. Bruce and Peter J. Eschbach, to recover for goods, wares and merchandise, sold by the appellant, and by certain other persons and firms who assigned their claims to the appellant, to a corporation organized under the laws of the state of Washington. A general demurrer was interposed to the complaint, which the trial court sustained. The appellant thereupon elected to stand on its complaint and refused to plead further. Following its election and refusal, the trial court entered a judgment dismissing the action with costs to the respondents. The ultimate question in this court, therefore, is, does the complaint state facts sufficient to constitute a cause of action.

The complaint contains seven causes of action stated separately. The first of these relates to the appellant's individual claim, and the others to assigned claims. The causes of action are, however, essentially the same, and to an understanding of the controversy it is necessary to refer to the appellant's cause of action only.

In substance, the allegations of the complaint by which it is sought to charge the respondents, are the following (the arrangement is ours):

(1) That the appellant is a corporation organized under the laws of the state of Oregon.

(2) That the Nettleton-Bruce-Eschbach Company is a corporation organized under the laws of the state of

Washington, having its principal place of business at Seattle, in King county, state of Washington.

(3) That the Washington corporation, on a date named, entered into a contract with the Oregon, California and Eastern Railroad Company, a corporation organized under the laws of the state of Nevada, to construct for the latter corporation a line of railway extending in part through Klamath county in the state of Oregon.

(4) That the Washington corporation performed the contract, and, in so doing, purchased from the appellant, and used in the performance of the work of construction, goods, wares and merchandise, for which it failed and refused to pay.

(5) That the Washington corporation, subsequent to the performance of the work and the incurrence of the obligation above mentioned, was adjudged a bankrupt.

(6) That the respondents named were the incorporators of the Washington corporation, were named in its articles of incorporation as the trustees thereof, and were, during all of the time of its existence, the acting trustees, officers and managing agents thereof, and were such trustees, officers and managing agents at the time of the performance of the contract in the state of Oregon, and were the persons who contracted the obligation on behalf of such corporation herein sued upon.

(7) That the Washington corporation, and the respondents as its trustees, officers and agents, in doing business in the state of Oregon "violated the Olson's Code of the state of Oregon in reference to § 2175-1 entitled 'Agents of unlicensed foreign corporations doing business in the state are guilty of misdemeanor and shall be fined'—etc."

(8) That the Washington corporation never filed with the corporation commissioner of the state of Oregon, prior to engaging in business therein, any declara-

tion of its intention to engage in business in the state of Oregon, nor did it make such filing until long after the business before mentioned was performed and the indebtedness sued on incurred, nor did it ever appoint a resident statutory agent for the state of Oregon nor an attorney in fact therein, nor did it pay a license fee to the state of Oregon; all of which is required by the laws of the state of Oregon, particularly by "Olson's Code of the state of Oregon, being § 6908 to and including § 6924, and the amendatory statutes, besides the laws passed by the legislature for the year 1923, on pages 342, 343 and 344 of the Session Laws of the state of Oregon."

(9) That the appellant did not know, at the time the obligation herein sued upon was incurred, that the Washington corporation had not complied with the laws of the state of Oregon herein set forth relative to the doing of business in such state by foreign corporations.

(10) That the Washington corporation by reason of the premises was not a corporation within the state of Oregon, and that the respondents, while purporting to act in its behalf, in contemplation of law acted on their own behalf as partners, and as such partners are liable personally and individually for the obligation in question in this action.

The record does not disclose the specific ground upon which the trial court rested its decision, but the respondents in this court urge two principal contentions: first, that the laws of the state of Oregon, relative to foreign corporations doing business therein, are not pleaded with sufficient definiteness to enable the court to take notice of their requirements; and, second, that neither the general law, the laws of Oregon, nor the laws of Washington, impose upon the trustees, officers or agents of a corporation a personal liability to an-

swer for its obligations or defaults of the corporation, merely because the corporation does business in a state foreign to the state of its incorporation without a compliance with the laws of such foreign state.

[1] The first of the objections is well taken. In this state we have no statutory rule relative to pleading statutes of another state, and the rule in such cases is that such statutes must be pleaded as other facts are pleaded; that is to say, they must be set forth in terms; a mere statement of their substance and effect, or a mere reference to the printed laws of the state in which they are found, not being sufficient. *McDaniel v. Pressler,* 3 Wash. 636, 29 Pac. 209; *Lowry v. Moore,* 16 Wash. 476, 48 Pac. 238, 58 Am. St. 49; *In re Stewart's Estate,* 26 Wash. 32, 66 Pac. 148, 67 Pac. 723. But, as the defect is not one going to the merits of the controversy, an affirmance of the judgment on this ground would not of itself bar another action upon the same cause of action. It is necessary, therefore, that we notice the second question.

[2] The general rule, no doubt, is that parties who associate themselves together and actively engage in business for profit, under any sort of a name, are liable as partners for the debts they incur while so engaged. They may not, by a private agreement among themselves, limit their liability to persons who deal with them without notice of the limitations. As to such persons, their liability is absolute. But there are exceptions to this general rule, recognized as generally as is the rule itself. One of these exceptions is that the liability may be limited by the formation of a corporation. By such a procedure, persons desiring to engage in a particular business may pool their assets, and may by this means limit their liability to that which the law authorizing the formation of the corporation permits them to do. Persons, therefore,

who deal with others purporting to deal on behalf of a corporation, must take notice of the fact, and cannot hold the individual liable, unless the law under which the corporation is created, or the law of the place where the dealing is had, so provides. While a corporation has no strict legal existence beyond the bounds of the sovereignty by which it is created, it may, nevertheless, enter another jurisdiction and there carry on any business not prohibited by the local laws or prohibited by local public policy. This it may do on the principle of comity—a principle which has the controlling force of a legal obligation in so far as the courts are concerned, the comity involved being the comity of the state and not that of the courts.

But a state may, if it so wills, prohibit a corporation organized under the laws of another state from doing any business within its borders, or it may prescribe that, before doing business therein, it shall comply with certain fixed requirements, and it may, as a corollary of these propositions, prescribe the penalty for a violation of the requirements. These penalties may be such as the state chooses to entail. It may subject the corporation, or the persons representing it, to a fine; it may deny to it the use of its courts to enforce its contracts; it may declare that the individuals representing the corporation, its managing officers and stockholders, are personally liable for its contracts; or it may declare any such contract absolutely void. But, whatever may be the penalty fixed, it is the general rule that the penalty measures the remedy of the individual who deals with it. If the law forbids entirely the doing of business by the corporation within the state, or if it permits the doing of business on certain conditions and declares its contracts nullities without a compliance with the conditions, or if it expressly provides that one dealing with such a corporation has

a remedy against the persons representing the corporation, its officers or stockholders individually, then the one so dealing may pursue that remedy, otherwise he must pursue the corporation.

Turning to the statutes cited in the complaint from the laws of the state of Oregon, we find nothing in them which aids the appellant in its attempted recovery by the present action. The statutes prescribed certain requirements to be complied with by a foreign corporation desiring to do business within the state and prescribed penalties for a violation of the requirements. One of the penalties is that the corporation failing to comply with the requirements of the statute may not enforce its contracts made within the state in the courts of the state, but it does not close the courts to the other party to the contract. Persons contracting with the corporation may sue upon such contracts, and it would seem to follow that they have all of the rights against a corporation doing business within the state without a compliance with its statute, that they would have had the corporation so complied. There is no provision of the statute expressly declaring that the persons representing such corporation, or its officers or stockholders, shall be liable for its obligations, and we are not persuaded that the provisions it does contain render them so.

No case has been cited to us where the courts of the state of Oregon have had before them the precise question here presented, but we find in some of them language which seems to indicate that the asserted liability here sought to be enforced does not exist. In *Shipman v. Portland Const. Co.*, 64 Ore. 1, 128 Pac. 989, this language is used:

"The statute under consideration is penal in its nature. Indeed, under section 6707, a corporation failing to comply with the terms of the statute is liable to

a fine of $100 to be recovered with any license fee due by an action in the name of the state. Such statutes are to be construed strictly, and are not to be extended beyond their express terms. The statute does not say that the contracts of the corporation made under such circumstances are void. It only says that, while the delinquency shall continue, the corporation shall not be permitted to enforce its contract by any suit or action in the State courts. Section 6708 expressly says that the delinquency of such corporation shall not operate to impair or delay the rights of any other person, firm, or corporation. This practically amounts to a declaration that the contract is not void because if void as against one person it would be void against all. The plain object of the provisions of the statute in thus denying delinquent corporations admission to the courts is to aid in the collection of the fees and taxes claimed by the statute."

See, also, *Hirschfeld v. McCullagh,* 64 Ore. 502, 127 Pac. 541, 130 Pac. 1131.

Our conclusion is that the complaint, construing it on the assumption that the laws of Oregon are therein well pleaded, does not state a cause of action. The judgment appealed from will stand affirmed.

TOLMAN, C. J., HOLCOMB, MAIN, and MITCHELL, JJ., concur.