[No. 34813.   Department Two.   June 4, 1959.]

*In the Matter of the Adoption of* PATRICIA JOSEPHINE CANDELL, *a Minor.*

ROBERT W. SOWERS *et al., Respondents,* v. ELIAS J. CANDELL, *Appellant.*[1]

[1]Reported in 340 P. (2d) 173.

*Kelley & Graham*, for appellant.

*O'Connor & O'Connor* and *Shiner & Arneil*, for respondents.

ROSELLINI, J.—In this adoption proceeding, brought by the stepfather of the minor Patricia Josephine Candell with the consent of her mother, the court ruled that the consent of the father who objected to the petition was not necessary. Error is assigned to this determination.

The appellant and the respondent Lea Sowers are the adoptive parents of the child whose adoption is sought in this proceeding. When she was three and one-half years old, they were divorced and the wife obtained the Colorado interlocutory and final decrees by default. She was given the sole custody of the child, and the terms of an agreement entered into between the two parties were incorporated in the decree. This agreement provided that the wife should have the "full and complete custody" of the child and should have the right to "remove said child from the territorial limits of the state of Colorado freely and without need of posting bonds or security of any kind." It was further agreed, and decreed by the court, that the wife should fully and completely support the child and that the husband should be relieved of all liability therefor as between the parties. There was no mention of visitation rights.

RCW 26.32.040 (Laws of 1955, chapter 291, § 4, p. 1300) provides:

"No consent for the adoption of a. minor shall be required as follows: . . .

"(2) From a parent who has been deprived of the custody of the child by a court of competent jurisdiction, after notice: *Provided,* That a decree in an action for divorce, separate maintenance, or annulment, which grants to a parent any right of custody, control, or visitation of a minor child, or requires of such parent the payment of support money for such child, shall not constitute such deprivation of custody; . . ."

It is plain that the divorce decree granted the full custody and control of the child to the mother and did not grant visitation rights to the father nor require him to pay support money. This, it would seem, should bring the case within the exception quoted. But the appellant urges that, although the full custody of the child was granted to the mother, he was not "deprived" of it in so many words. He further argues that, since the decree did not expressly deprive him of visitation privileges, his consent is necessary under the statute, even though the decree did not grant him such rights.

■ The obvious answer to the first of these contentions is that, disregarding the proviso to RCW 26.32.040 (2), the inevitable effect of the granting of the full custody and control to one parent is to deprive the other of any portion of such custody and control. The proviso arbitrarily states that a decree which grants visitation rights, or requires payment of support, does not deprive a parent of custody within the meaning of the statute. But it falls short of a declaration that a parent is not deprived when the decree awards the full custody to one parent, and grants the other parent no visitation rights and relieves him of any obligation to support the minor child.

In regard to the second contention, the appellant relies upon *Reynolds v. Reynolds,* 45 Wn. (2d) 394, 275 P. (2d) 421; *Martin v. Martin,* 27 Wn. (2d) 308, 178 P. (2d) 284; and *Hathaway v. Hathaway,* 23 Wn. (2d) 237, 160 P. (2d)

632, all of which were divorce cases in which this court, construing the particular decrees involved, found that the failure to affirmatively grant visitation rights did not amount to a denial of such rights.

The evident theory of these cases is that the right or privilege of visitation is held independent of the right to custody and is not lost unless the decree expressly excludes it or is inconsistent with its retention. Were there no exception made in the adoption statute in favor of a parent who has been granted visitation rights, the rationale of the divorce cases cited would compel the conclusion that even though visitation rights are expressly reserved in a divorce decree, if a parent is deprived of custody, his consent to adoption is not required.

The appellant has cited no case construing our adoption statute, nor a statute of another jurisdiction similar to it, which holds that a failure to mention visitation privileges or rights in a divorce decree amounts to a "grant" of such rights. We have held under this statute that where such rights are expressly granted, the consent of the parent deprived of custody is necessary. *In re Gustafson*, 28 Wn. (2d) 526, 183 P. (2d) 787.

Under the statute in effect in 1914, which required the consent only of the parent having custody and control of the child where the parents were living separate and apart, this court held that a father who had been deprived of custody but was required to make support payments was not entitled to notice of the adoption proceeding. The decree was apparently silent regarding visitation rights. *In re Beers' Adoption*, 78 Wash. 576, 139 Pac. 629.

This court in *In re Walker*, 170 Wash. 454, 17 P. (2d) 15, was called upon to construe the provision of Laws of 1927, chapter 158, § 1 (2), p. 146, relating to the parental consent required in an adoption proceeding. The applicable section provided that consent of the parent should not be required:

"From a father, or mother, who has been unconditionally deprived of the custody and control of such child by the judgment or decree of a court of competent jurisdiction, in

an action, suit or proceeding, in which such parent has been given notice and a right to be heard."

The question before the court was whether it was necessary to obtain the consent of a father who had been deprived of the custody of his child in a divorce proceeding but had been given visitation privileges and had also been ordered to make support payments. The court held that the statute, being in derogation of the natural rights of a parent, should be strictly construed. Quoting with approval from *In re Lease*, 99 Wash. 413, 169 Pac. 816, the court said:

" . . . We are of the opinion that, to enable one parent having the custody and control of a child to effectually consent to its adoption by another, such custody and control must be of such an absolute and unconditional nature that the other parent's right in the child is extinguished, or the other parent's conduct is such as to estop him or her from asserting such right. . . ."

Justifiably, the court held that the father had not been *unconditionally* deprived of the custody and control of his child, for an award of custody to one parent in a divorce proceeding is seldom, if ever, an unconditional disposition of custody rights, since the decree is always subject to modification.

Thereafter the legislature, by Laws of 1939, chapter 163, §1 (2), p. 489, amended this statute and omitted the requirement that the parent should have been unconditionally deprived of custody. The amended section provided that consent should not be required:

"From a father, or mother, where the child shall have been awarded to the custody and control of the other parent by the judgment or decree of a court of competent jurisdiction, in an action, suit, or proceeding, in which the parent thus deprived of custody has been given notice and an opportunity to be heard: *Provided, however*, That where the custody and control of such child shall have been by judgment or decree in an action for separate maintenance, annulment, or divorce, divided between such parents, or where visitation privileges, specific or unlimited as to time, shall have been awarded to the parent deprived of custody and control in such action, the consent of both parents shall be required."

It will be observed that in this amendment, the legislature did not presume to change the definition of "custody and control," but simply provided that the consent of a parent who was given visitation rights should be obtained. By Laws of 1943, chapter 268, § 4 (b), p. 829, however, the wording of the act was so changed that visitation rights were brought within the scope of the term "custody." The substance of the provision was not changed, however. As amended, it read:

"From a parent who has been deprived of the custody of such child by a court of competent jurisdiction, after notice: *Provided, however,* That a decree in an action for divorce, separate maintenance or annulment, which grants to a parent any right of custody, control, or visitation of a minor child shall not constitute such deprivation of custody; . . ."

This amendment came before the court in *In re Gustafson, supra.* The appellants in that action were petitioners for the adoption of a minor whose mother had been deprived of its custody in a divorce proceeding, the court having found that she was not a fit and proper person to have its custody. No right of visitation was granted to the mother by the decree. The following year, the mother petitioned for a modification of the decree, asking that she be given visitation privileges. After that action was instituted, the father and his then wife commenced an action to adopt the child. The trial court heard the two matters together, granted the mother's petition, and denied the petition for adoption.

This court held that the trial court could properly permit the mother to file her objections to the adoption proceeding, even though she had been deprived of custody, that it was within the discretion of the court to consolidate the two matters for hearing, that the modification of the decree was justified by the evidence, and that after the modification, the adoption could not be decreed without the consent of the mother. In the course of the opinion, the court said:

"It may be admitted that, where the entire and absolute custody and control of a minor child is awarded to one of the

parents by a divorce decree, in a subsequent adoption proceeding it is only necessary to obtain the consent to such adoption of the parent to whom such custody was awarded. In other words, the court, under the circumstances last mentioned, would be expressly authorized by the statute to proceed to hear the petition for adoption. *In re Lease,* 99 Wash. 413, 169 Pac. 816; *In re Force,* 113 Wash. 151, 193 Pac. 698."

The consent provision applied in that case was further amended by Laws of 1955, chapter 291, § 4, p. 1300, to include the provision that a decree which requires the payment of support money shall not constitute deprivation of custody, within the meaning of the statute. This is the law under which the present action was instituted, and has not been heretofore construed.

The legislature must be presumed to have had in mind the decisions of this court construing prior provisions when it enacted the present law. These cases held that such statutes must be strictly construed; that under a strict construction unconditional deprivation of custody and control means absolute deprivation of all parental rights; and that a divorce decree granting visitation rights is not an unconditional deprivation of custody. The legislature then eliminated the requirement that the deprivation be unconditional and proceeded to define more clearly in succeeding amendments what was meant by deprivation of custody, as the expression was used in the adoption statute. The provision does not purport to dictate how a decree should be construed in a divorce or modification proceeding, but provides an arbitrary definition to guide the court in determining whether a parent's consent to adoption is necessary.

The present proviso protects the right of a divorced parent who has exhibited sufficient interest in his child at the time of the divorce (or subsequent modification) to secure an affirmative grant of some right of custody, control or visitation, or who has been required by the decree to make support payments. No exception is made in favor of one who merely relies on his "inherent right" of visitation.

■ The decree embodying the written agreement of the appellant, gave the wife the full and complete custody and control of the child, relieved the appellant of all duty to support her, and gave the wife right to take her out of the jurisdiction freely and without the necessity of posting bond. This latter provision, authorizing the wife, as it did, to take the child and disappear, if she chose, without notice to the appellant, is inconsistent with a reservation of visitation rights.

■ If the decree would be subject to a different interpretation in the courts of Colorado, that fact has not been brought to our attention. While RCW 5.24.010-070 (Laws of 1941, chapter 82, p. 204) provides that the courts of this state shall take judicial notice of the constitution, common law, and statutes of every other state, nevertheless, RCW 5.24.040 requires that such laws be pleaded, which was not done in this case. *Scott v. Holcomb*, 49 Wn. (2d) 387, 301 P. (2d) 1068; *Norm Advertising, Inc. v. Monroe Street Lbr. Co.*, 25 Wn. (2d) 391, 171 P. (2d) 177. Our independent research has uncovered no Colorado case directly in point. However, the holding of *Breene v. Breene*, 51 Colo. 342, 117 Pac. 1000, indicates that, in the absence of an express provision in the divorce decree, no visitation rights exist.

■ By his consent to the default decree, the appellant exhibited a willingness on his part to relinquish all parental rights. Whatever the reason, whether he wished to rid himself of the burden of support, or was indifferent to the child, or whether he was motivated by some other consideration, this was the essence of his agreement. The decree, while it does not expressly deprive him of visitation rights, contains no grant or recognition of such rights and no requirement of support. Consequently, under the statute, his consent to the adoption is not required.

The judgment is affirmed.

Weaver, C. J., Hill, Finley, and Foster, JJ., concur.