[No. 1785-1. Division One. July 8, 1974.]

PAULA H. BYRNE, *Appellant,* v. F. BERT COOPER, *Respondent.*

*MacDonald, Hoague & Bayless, Kenneth A. MacDonald,*

*Frederick L. Noland, Joel Benoliel,* and *Newman H. Clark,* for appellant.

*Sharpe, Twigg & Ganz, Willard J. Sharpe, Woods & Keyes,* and *Michael F. Keyes,* for respondent.

CALLOW, J.—The facts of this case are immaterial to the expression of the pertinent legal principles. Pursuant to RCW 2.06.040, only that portion of the opinion relating to the pleading and proof of foreign law will be published. The guidelines set forth were promulgated with the ramifications of this case in mind—pleading and proving the law of a foreign common-law country. The concepts presented are limited to that area.

1. PLEADING FOREIGN LAW.

 The statutes or decisional law of a foreign country must be pleaded. RCW 5.24.040. *See Scott v. Holcomb,* 49 Wn.2d 387, 301 P.2d 1068 (1956); *Norm Advertising, Inc. v. Monroe St. Lumber Co.,* 25 Wn.2d 391, 171 P.2d 177 (1946); Annot., 23 A.L.R.2d 1437 (1952). The plaintiff stated in the complaint that "[t]he laws of England and those of the State of Washington are applicable, and shall be relied upon by the plaintiff in proof of the allegations herein, . . . ." The other allegations of the complaint contain sufficiently specific recitals to satisfy the notice requirement of CR 8 that the pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." The pleading in this case, while sufficient to put the opposing party on notice under the liberal wording of CR 8, was lacking in sufficient specificity to provide guidance and direction to the formulation of the issues.[1] In

---

[1]In 2A J. Moore, *Federal Practice* ¶ 8.17[9.—1], at 1779.2 (2d ed. 1974), it is stated: "Rule 8 demands only a short and simple statement of the claim; extensive discourse in the pleadings on foreign law is hardly permissible under that principle. Moreover, the cases make little distinction between pleading a foreign statute which might be relatively easy, and pleading foreign non-statutory law, which indeed could overweigh the pleadings.

"A possible accommodation would be to require that where an action or defense is founded on a foreign statute, proper pleading would

Washington, the pleading of foreign law should state in substance the foreign law relied upon and inform the opposing party of the basis in foreign law for the claim or defense raised. Applicable foreign statutes should be set forth with their citations, and decisional foreign law should be concisely recapitulated. RCW 5.24.040; *Martin Bros. v. Nettleton,* 138 Wash. 102, 244 P. 386 (1926); *Lowry v. Moore,* 16 Wash. 476, 48 P. 238 (1897). *See also Gevinson v. Kirkeby-Natus Corp.,* 26 App. Div. 2d 71, 270 N.Y.S.2d 989 (1966); Annot., 134 A.L.R. 570 (1941); 61 Am. Jur. 2d *Pleading* §§ 12-14 (1972).

A number of difficulties could have been avoided in this case had the heart of the matter been thus reached with expedition. At the inception of the proceedings, the parties should get on with the enlightenment of the opponent about the claim or defense raised, and the pleadings should bring theories of recovery or defense into focus. A balance must be struck between the purpose of notice pleading under CR 8 and the requirement to plead foreign law under RCW 5.24.040. To achieve that balance, courts should require pleadings to sufficiently reflect the foreign law relied on so an opponent can grasp the significance of the pleader's claim, but liberally permit amendment of the pleadings when the standards of RCW 5.24.040 have not been met.[2]

---

include a reference to that statute if easily accessible, or a brief allegation as to the nature of the statute. Where foreign decisional law is to be introduced, a pleading could not be expected to contain more than a brief description of the principles of such decisions. And if the existence of a question of foreign law becomes known after the pleadings are closed, in the exercise of sound discretion, courts that require foreign law to be pleaded, should allow an amendment of the pleadings." (Footnote omitted.)

[2]The contentions in the area are exemplified by *Siegelman v. Cunard White Star, Ltd.,* 221 F.2d 189 (2d Cir. 1955) and *Walton v. Arabian American Oil Co.,* 233 F.2d 541 (2d Cir. 1956), which discuss the problems of pleading foreign law under Federal Rule 8(a). *See also* Miller, *Federal Rule 44.1 and the "Fact" Approach to Determining Foreign Law: Death Knell for a Die-Hard Doctrine,* 65 Mich. L. Rev. 613, 639-45 (1967). The requirements of RCW 5.24.040 are not present in the federal picture.

The rule cannot detract from the command of the statute. However, compliance with the statute should not impose technical demands requiring extensive research and expense before the preparation of an initial pleading. *See* Miller, *Federal Rule 44.1 and the "Fact" Approach to Determining Foreign Law: Death Knell for a Die-Hard Doctrine,* 65 Mich. L. Rev. 613, 644 (1967).

2. PROOF OF FOREIGN LAW—MOTION FOR SUMMARY JUDGMENT.

In considering a motion for summary judgment, as well as upon trial, the evidence of foreign law must be sufficient to support a finding as to the foreign rule. *Pisacane v. Italia Societa per Azioni di Navigazione,* 219 F. Supp. 424 (S.D.N.Y. 1963); *Caribbean SS Co., S.A. v. La Societe Navale Caennaise,* 140 F. Supp. 16 (E.D. Va. 1956), *aff'd,* 239 F.2d 689 (4th Cir. 1956).

It is stated by Miller in 65 Mich. L. Rev., at page 671:

In cases such as *Pisacane,* therefore, when the proof before the court on a summary-judgment motion is not harmonious or is unpersuasive or inconclusive, the court should request a further showing by counsel, engage in its own research, or direct that a hearing be held, with or without oral testimony, to resolve the issue. A combination of these courses will insure as detailed a foreign-law presentation as might be anticipated at a full trial on the merits.

The following comment appears in O. Sommerich & B. Busch, *Foreign Law* 82 (1959):

[T]here are actions where the basic contentions of the plaintiff or of the defendant do not set forth a genuine issue and should be summarily dismissed in the interests of time, expense and justice. What if these basic issues involve foreign law which, as already indicated, should be pleaded and proved as an issue of fact? Issues of fact are normally disposed of at a trial. Does this necessarily remove from the benefits of the summary judgment procedures actions involving foreign law issues?

As a matter of statutory law, foreign law issues are within the scope of rules providing for summary judgment and are entitled to its benefits as are any other

issues of fact. Decisional law, however, indicates some reluctance on the part of the courts to grant summary judgment when faced with conflicting issues of foreign law. Both views merit some consideration.

In the first place, the practitioner who seeks by his motion to obtain, or by his answering papers to oppose, a motion for summary judgment, must follow proper procedure in his presentation of the issues of foreign law. All that has heretofore been stated with respect to the techniques of proving foreign law applies with equal force to a motion for a summary judgment, except that the oral testimony will now be replaced by a sworn affidavit, and the exhibits physically submitted upon a trial will be attached to the affidavits. This, therefore, calls for a sworn statement of opinion of foreign law, with the attachment of certified, authenticated or exemplified documents, decisions, extracts from commentaries or other authorities and statutes, laws or codes, as the case may be, all in the foreign language, together with the English translation of the same. The moving and opposing papers should approximate as much as possible the techniques used upon a trial.

The experts, whose affidavits of opinion are submitted, must be qualified in the same manner as they would be on a trial, and their experiences and qualifications should be shown in precisely the same way. These experts should, in turn, expand upon the qualifications, standing and statute of the authors of commentaries, treatises or text-books, upon which they rely, as well as the judges or courts whose decisions they cite or quote.

Courts to whom motions for summary judgment are addressed are not likely to be desirous of taking sole responsibility for finding and ascertaining the foreign law if they are not assisted, and even though they may be authorized to take judicial notice of foreign law, they will usually refuse to do so if nothing informative or helpful in that connection is placed before them.

Assuming, therefore, that both sides have submitted papers and documents which comply with proper procedure and a dispute is clearly indicated as to the foreign law, that does not necessarily dispose of the matter. Summary judgment is not to be denied merely because a difference of opinion exists as to the foreign law, and a party may nevertheless be entitled to summary judgment

if it can successfully show to the satisfaction of the court that there is no *genuine* issue as to the questions of foreign law.

 . . . the ascertainment of the foreign law must . . . be determined by the trial court, which is not bound by the opinions of the experts.

(Footnotes omitted.)

The proof of foreign law was insufficient, at the time of the submission of the issue on the motion for summary judgment to the trial court, to support a ruling thereon. The court could not take judicial notice of the law of the foreign country. *Philp v. Macri,* 261 F.2d 945 (9th Cir. 1958). It was proper for the court to require additional evidence of the foreign law. It would also have been proper for the trial court to deny the motion if it was then apparent that the issues had not yet been framed. In fairness to the trial court, we note that the issue between the parties was not then crystallized, and this did not become apparent until during the appellate proceedings.

3. FOREIGN LAW AS A "FACT" TO BE PROVEN.

A reference in the pleadings to the foreign law of a specific country is insufficient to prove that the law of the foreign country supports any particular cause of action. *Martin Bros. v. Nettleton, supra; Lagomarsino v. Pacific Alas. Navigation Co.,* 100 Wash. 105, 170 P. 368 (1918). It has been said that foreign law must be proven as a "fact." *The Hanna Nielsen,* 25 F.2d 984 (W.D. Wash. 1928); *In re Candell,* 54 Wn.2d 276, 340 P.2d 173 (1959); *Rood v. Horton,* 132 Wash. 82, 89, 231 P. 450 (1924); *State v. Collins,* 69 Wash. 268, 124 P. 903 (1912); *In re Estate of Stewart,* 26 Wash. 32, 66 P. 148, 67 P. 723 (1901). *See also Ostrander v. Yokohama Specie Bank, Ltd.,* 153 Wash. 427, 279 P. 585 (1929); *In re Estate of Pompal,* 150 Wash. 242, 272 P. 980 (1928); *Gasaway v. Thomas,* 56 Wash. 77, 105 P. 168 (1909); 2 L. Orland, Wash. Prac. §§ 71, 74 (3d ed. 1972).

 Foreign law, albeit, is not a true "fact" except in the procedural manner of its proof. Though foreign law is denominated as "fact" and is to be proven as such, the

ultimate context and substance of the proposed foreign law is decided as an issue of law. The gist thereof should be set forth as a conclusion of the trial court, and the conclusion is reviewable. *State v. Jackovick,* 56 Wn.2d 915, 355 P.2d 976 (1960); *Gevinson v. Kirkeby-Natus Corp., supra. See also First Nat'l City Bank v. Compania de Aguaceros, S.A.,* 398 F.2d 779 (5th Cir. 1968).

The requirement that foreign law be proven as a fact is a technically pragmatic approach insofar as it places the responsibility of researching and presenting the evidence of foreign law upon the counsel proposing foreign law as a basis for claim or defense. In the event the evidence presented is insufficient to support a conclusion concerning the foreign rule proposed, then such a claim must fail; and if a claim does not exist without an alleged but unproven foreign rule, then the cause of action must fall. The drawback of the approach requiring counsel to prove foreign law is that it presents the interpretation of the foreign law through an advocate rather than through an impartial interpreter. The suggestion has been made that courts might appoint independent experts to research and testify to the foreign law with the costs and expert witness fees ultimately charged against the losing party. Nussbaum, *Proof of Foreign Law in New York: A Proposed Amendment,* 57 Colum. L. Rev. 348 (1957). The admission and consideration of the evidence of foreign law should be subject to the control of the trial judge, free to consider in his discretion any source or material which he deems relevant to the determination of the issue. The resolution of a question of foreign common law is within the exercise of the judgment of the trial court. *See Baltimore & O.R.R. v. Baugh,* 149 U.S. 368, 37 L. Ed. 772, 13 S. Ct. 914 (1893); RCW 5.24.020.

4. THE TRIAL JUDGE AS TRIER OF THE "FACT" OF FOREIGN LAW.

The law of any jurisdiction other than a jurisdiction of the United States shall be an issue for the court. RCW 5.24.050. The determination of foreign law is not to be made

by the jury. *State v. Jackovick, supra.* It is stated in O. Sommerich & B. Busch, *Foreign Law* 60 (1959):

> When the evidence is in, the foreign law that has been proved as fact assumes a new role and becomes law. It has well been said that:
>> "It is true that foreign law is ordinarily proved as fact, still it is not in its essential nature a fact any more than domestic law is a fact."
>
> . . . it is the court's duty to ascertain and determine this law, and where a jury trial is involved, it must charge the jury accordingly. . . . the court's determination is appealable.

*See also Rood v. Horton, supra;* 5 J. Moore, *Federal Practice* ¶ 44.1.05 (2d ed. 1974). The trial judge should consider the evidence of foreign law in the absence of the jury and instruct the jury on the foreign law in the same manner that he would instruct on local law.

Issues of fact remain concerning the content of the alleged contract, its interpretation and the performance or nonperformance of its terms. The issue remains as to which law governs the contract based upon whether England or the State of Washington had the most significant relationship to the contract. *Potlatch No. 1 Fed. Credit Union v. Kennedy,* 76 Wn.2d 806, 459 P.2d 32 (1969); *Baffin Land Corp. v. Monticello Motor Inn, Inc.,* 70 Wn.2d 893, 425 P.2d 623 (1967). The foreign law, manifested to a greater extent to this court than to the trial judge, has not been presented fully at the trial level. The trial court is the proper forum for the resolution of these issues, and the cause is remanded for further proceedings consistent with the published and unpublished portions of this opinion.

Farris and Williams, JJ., concur.

Petition for rehearing denied August 26, 1974.

Review denied by Supreme Court November 19, 1974.